## CHAPIN *vs.* CLEMITSON.

Where a warrant of attorney was absolute upon its face, but upon the back of it there was an endorsement, signed by the defendant, stating that the judgment to be entered thereon was intended to secure an indebtedness of $500 for goods to be sold on the day of the date of the warrant of attorney, and also to secure a similar amount for goods thereafter to be sold; and it was agreed that in case the plaintiff should deem himself insecure, he might issue execution *for whatever sum might be due to him*, for principal and interest; *Held* that the general expressions must be taken in connection with the particular provisions of the agreement; and that the plaintiff was only authorized to issue execution for the amounts intended to be secured by the judgment, and not for any indebtedness which had accrued previous to the time of executing the warrant of attorney.

A judgment recovered upon a warrant of attorney given to an individual member of a partnership firm, will, if given to secure a debt due to the firm, belong to the firm; and the person to whom such warrant is given will hold the judgment as trustee for the copartnership.

A satisfaction of such a judgment will amount to a satisfaction of the copartnership debt; and will be a complete discharge of the defendant therein from all claim on the part of the partnership.

Although the supreme court, on its law side, will exercise a general equitable control over judgments entered upon bond and warrant of attorney, it cannot on motion, relieve against a mistake in the agreement upon which such a judgment is entered up, by which mistake the judgment covers a smaller amount of indebtedness than it was the intention of the parties to secure.

*It seems*, the remedy of the plaintiff, in such a case, is to file a bill in equity for the purpose of correcting the alleged mistake in the agreement.

ON the 25th of August, 1847, a judgment was entered up against the defendant, on a bond and warrant of attorney, in the sum of $1000. The warrant of attorney was absolute on its face, but upon the back of it there was an endorsement signed by the defendant, at the time of the execution of the warrant of attorney, stating that the judgment to be entered up thereon, was intended to secure an indebtedness for goods to be sold on the said 25th day of August, to the amount of $500, and also to secure a similar amount for goods thereafter to be sold. And it was agreed that in case the plaintiff should deem himself insecure he might issue execution for whatever sum might be due to him for principal and interest.

Chapin *v.* Clemitson.

The plaintiff entered up judgment, and issued his execution, pursuant to the endorsement, and also for a sum of money which was due for goods sold previous to the 25th of August. A motion was made to set aside the judgment and execution. The affidavits on the part of the plaintiff, shewed that it was agreed between the parties that the judgment should apply to the indebtedness which accrued previous to the 25th of August, and that it was by mistake that such a provision was not contained in the endorsement.

*J. G. McAdam,* for the defendant. The plaintiff cannot come in here and set up a parol agreement varying from the contract on record. 1. Parol evidence is not admissible to contradict a written instrument. (6 *Hill,* 219. 1 *Id.* 606. 1 *John. Ch. Rep.* 429.) 2. A judgment such as this, for advances to be made, must be considered an usurious contract. (2 *Cowen,* 465.) 3. Where the plaintiff's damages, as in this case, are not ascertained by the cognovit, the plaintiff must proceed as on a default, to have his damages assessed. (*Graham's Prac.* 629.) Here the plaintiff has assessed his own damages.

Again, this judgment is given to one member of a firm, for a partnership debt, and this is not a discharge of the debt due the firm ; unless the consent of the other partners be shown. One member of a firm has no right to take a judgment to himself, for a firm debt. (12 *Wend.* 396.)

Where a cognovit is given conditionally, then the conditions must be followed. (*Graham's Prac. 1st ed.* 629. 2 *Wm. Black.* 943.)

*B. G. Hitchings,* for the plaintiff. The plaintiff's affidavits show conclusively that the security was intended to include the indebtedness which had accrued prior to August 25. The writings in this case are all to be taken together, in order properly to understand the contract. It was expressly agreed that the plaintiff might issue execution on the judgment, for whatever should be due him. But the true character of the agreement may be established by parol ; even if contradictory or explana-

Chapin *v.* Clemitson.

tory of the writing, because it is not a contract, but a mere memorandum like a receipt—and the courts have a right to amend, in conformity with the actual understanding, when the rights of subsequent creditors are not prejudiced. (16 *John. Rep.* 149. 1 *Dunlap's Prac.* 367. 9 *John. Rep.* 80. 1 *Taunt.* 413. 16 *John. Rep.* 4. 18 *Id.* 505. 16 *Id.* 165. 7 *Dowl. & Ry.* 824. *Note to Grah. Prac.* 779.)

EDWARDS, J. The warrant of attorney, and the endorsement upon it, taken together, constitute the agreement between the parties. It appears then, that the judgment to be entered up on the warrant of attorney, was intended to secure an indebtedness for goods *to be sold* on the 25th of August, the day of its execution, to the amount of $500, and also to secure a similar amount for goods thereafter to be sold. There was a further provision that, in case the plaintiff should *deem himself insecure*, he might issue execution for whatever might be due to him for principal and interest, and collect the same. The general expressions must be taken in connection with the particular provisions of the agreement, and they clearly mean, that the plaintiff might issue execution for whatever might be due, according to the terms of the agreement; that is, for the amounts which were intended to be secured by the judgment. The plaintiff then had no claim under the said judgment for any indebtedness which had accrued previous to the time of executing the warrant of attorney.

But as to all goods sold on that day, or subsequently, and before the first of January succeeding, he had an undoubted right to issue his execution, provided he did not exceed the amount limited by the agreement. The fact that the goods sold by the plaintiff, and which constituted the consideration of the judgment, belonged to the partnership firm of which he was a member, can make no difference. The judgment given to him, if given to secure a partnership debt, would belong to the firm, and the plaintiff would hold it as trustee for them. And a satisfaction of the judgment would be a satisfaction of

Chapin *v.* Clemitson.

the debt, and a complete discharge of the defendant from all partnership claim.

It seems, however, from the affidavits read on the part of the plaintiff, that the original agreement between the parties was that the judgment should also secure the indebtedness of the defendant which had accrued before the first of August, and that it was by mistake that a different agreement was executed; and it is contended that this court, in the exercise of its equitable powers over judgments entered up on bond and warrant of attorney, can relieve against the mistake. Although this court will exercise a general equitable control over judgments of this nature, still, it has never done so to the extent claimed in this case.

But, inasmuch as the plaintiff's affidavits disclose a case in which the equity side of this court would, probably, give relief, it is proper that he should have an opportunity to make an application for that purpose.

The plaintiff in the judgment must therefore be stayed from any further proceedings under the execution, to collect the amount of indebtedness which accrued before the 25th of August last, or any part thereof, and he must pay the costs of this motion; unless he files his bill within twenty days, for the purpose of correcting the alleged mistake in the agreement. In which event, the judgment and execution, and the levy under it, shall remain as security for the payment of the indebtedness which accrued before the said 25th of August, until the final decision and decree in the suit in equity.