(49 App. Div. 80.)

## BARKER v. ARCHER.

(Supreme Court, Appellate Division, Second Department. March 20, 1900.)

1. COURTS—JURISDICTION—WAIVER OF OBJECTION—APPEAL.
     Since the jurisdiction of the municipal court extends over the entire city of New York, and under Greater New York Charter, § 1370, subd. 4, an action brought in the wrong district may be tried therein, unless defendant demands a transfer to the proper district before trial, if defend-

ant fails to make such demand at the time provided by the statute he cannot object to the venue on appeal.

2. SALE—TITLE OF VENDEE—ACTION FOR PROCEEDS OF WRONGFUL SALE—DEFENSE.

Where, before sale of goods in storage by an auctioneer, the same were transferred by the owner, and reduced to possession by the vendee, the service of a third-party order upon the auctioneer, restraining him from parting with the proceeds of a sale, subsequently made by him, of the goods as those of plaintiff's vendor, is not a sufficient excuse for the auctioneer withholding the money from the vendee upon demand.

3. FRAUDULENT CONVEYANCE—PREFERENCES—VALIDITY.

A transfer of personal property by a debtor to his attorney, in payment of services rendered, is not invalid as against a judgment creditor, against whose claim the attorney had defended the vendor.

Appeal from municipal court of city of New York.

Action by Frank C. Barker against Theodore F. Archer to recover the proceeds of certain personal property wrongfully sold by defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Weller & Gillen, for appellant.
Frank C. Barker, for respondent.

WOODWARD, J. This court has held, upon the authority of Irwin v. Railway Co., 36 App. Div. 253, 57 N. Y. Supp. 21, that the legislature had the power to create the municipal court, with jurisdiction extending over the entire city of New York (Kantro v. Armstrong, 44 App. Div. 506, 60 N. Y. Supp. 970); and as subdivision 4 of section 1370 of the Greater New York charter regulates the proceeding where the action is not brought in the proper district, and it is conceded the defendant raised no objection to the venue, we are of opinion that the question cannot be raised upon this appeal. The defendant must be deemed to have waived his right in respect to the district in which the action should be tried by not availing himself of the provisions of the statute.

Upon the merits of the case, we are satisfied that the plaintiff fully sustained all of the propositions necessary to constitute a good cause of action, that the questions were properly submitted to the jury, and that the verdict is in accord with the evidence and in harmony with the law. It was established that the goods which were placed in the custody of the defendant for storage and sale were sold to the plaintiff by the original owner of the property for a good and sufficient consideration, and that they were actually reduced to possession before the sale. A third-party order served upon the defendant, an auctioneer, restraining him from parting with the proceeds of the sale of goods supposed to belong to plaintiff's vendor, did not furnish a legal excuse for retaining the money of the plaintiff, who was the bona fide owner of the property sold. We find no evidence in the case that the transaction between the plaintiff and his vendor was not in good faith. At most, there was an effort on the part of the plaintiff's vendor to pay his attorney for services rendered, rather than the party who had procured a judg-

ment against him, and we know of no law which prevents the owner of property from electing which of two creditors he will pay out of a limited fund at his disposal. It was not error for the court to charge that there was no evidence that this transaction was not bona fide as between plaintiff and his vendor, and we are of opinion that the judgment appealed from should be affirmed, with costs.

Judgment appealed from affirmed, with costs.