(40 Misc. Rep. 243.)

DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. HALPIN.

(Supreme Court, Appellate Term. March, 1903.)

1. MUNICIPAL COURT—VIOLATION OF HEALTH ORDINANCE—VENUE.

The Municipal Court act (Laws 1902, p. 1497, c. 580, § 25, subd. 5) requires an action for a penalty for the violation of orders of the department of health of the city of New York to be brought in the district of the Municipal Court in which the violation occurred. Subdivision 4 of such section permits the action to be tried where brought, unless defendant demands a transfer to the proper district. Held, that the jurisdiction of the Municipal Court is not affected by bringing the action in a district other than the one in which the violation occurred.

2. SAME—TRANSFER OF CAUSE.

On trial of an action for a penalty for violation of a provision of the health department, defendant loses a right of removal given by the Municipal Court act (Laws 1902, p. 1497, c. 580, § 25, subd. 4) to the

district in which the violation occurred, unless he demands a transfer on or before joinder of issues.

Appeal from .Municipal Court, Borough ,of Manhattan, Eighth District.

Action by the department of .health of the city of New York against Hannah M. Halpin. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

George L. Rives, Corp. Counsel (Frederick W. Stelle, of counsel), for appellant.

GIEGERICH, J. The action was commenced by personal service of the summons on the defendant on the 30th day of September, 1902, and was brought to recover a penalty of $250 from the defendant for a violation of the order of the board of health issued to the defendant on the 6th day of August, 1902, directing her to make certain improvements, required by the sanitary code, on the premises 537 and 539 West 133d street, owned by her. The defendant did not appear on the return day of the summons or on the trial of the action. The testimony of the inspector showed that at the time of his last inspection of the premises, on the 6th day of November, 1902, more than three months after the order was served on the defendant, it had not been complied with.

The only question considered by the court in dismissing the action was that of the jurisdiction of his court, and the justice held that section 25 of the Municipal Court act (chapter 580, p. 1497, Laws 1902) was mandatory, and that the action must be brought in the district where the violation occurred, notwithstanding the fact that the defendant did not appear and ask to have the case removed to that district.

Section 1262 of chapter 466, p. 528, of the Laws of 1901 provides that whoever violates any order of the board of health shall be guilty of a misdemeanor, and also that any person who shall have done or omitted to do anything which by law or ordinance subjects the party guilty thereof to punishment for a misdemeanor shall, in addition thereto, be subject to a penalty of $250, to be sued for and recovered by said department in any civil tribunal in said city.

We think that the justice who tried the case erred in holding as he did, and we are also of the opinion that this action could have been properly tried in the Municipal Court, Eighth Judicial District, notwithstanding the violation did not occur there.

Section 25 of the Municipal Court act, as in force at the time the action was brought, provides as follows:

"Sec. 25. In What District Brought. An action or proceeding of which the municipal court has jurisdiction must be brought: (1) In a district in which either the plaintiff or defendant or one of the plaintiffs or one of the defendants resides, unless all of the plaintiffs or all the defendants reside out of the city of New York, in which case the action or proceeding may be brought in said court in any district. (2) If the defendant be a corporation created by law, in a district in which the plaintiff or either of the plaintiffs resides, or in which (if it be a corporation) it transacts its general business or keeps an office or has an agency established for the transaction of business

or is established by law, except the corporation of the city of New York, which may sue or be sued in any district, except as provided for in subdivision five of this section.  (3) By plaintiffs not residing in the city of New York, in the district in which the defendant, or one of the defendants resides, and against a defendant or defendants, not residing in said city, in the district in which the plaintiff or one of the plaintiffs resides; but where all the parties reside out of said city the action may be brought in any district. No person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act.  (4) If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon demand of the defendant made upon or before the joinder of issue in writing or in open court, followed by the consent of the plaintiff, given in like manner, or the order of the court. The demand must specify the district to which defendant requires the action to be transferred.  The court must make such order when the district in which the action or proceeding is brought is not the proper district, as specified in this section or the next one, if such demand be made.  (5) All actions by or on behalf of the city of New York to recover a penalty or fine for a violation of any corporation ordinance, when the amount of such penalty or fine shall not exceed five hundred dollars, must be brought in the district in which the violation of such ordinance happened or occurred.  And all actions to recover a penalty or fine for a violation of any provision of the sanitary code or of any regulation of the fire commissioner or of any laws or ordinances which either the health or the fire department is authorized, empowered and especially charged to enforce, where the amount of such penalty or fine shall not exceed five hundred dollars, must be brought in the district, in which such violation happened or occurred."

From this it appears (subdivision 5) that all actions to recover a penalty or a fine for a violation of any provision of the sanitary code, or of any regulation of the fire commissioner, or of any laws or ordinances which either the health or fire department is authorized to enforce, where the amount of such penalty or fine shall not exceed $500, must be brought in the district in which such violation happened or occurred.   Subdivision 4, however, provides that, if the district in which the action is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district, as specified in that section or the next one, if such demand be made.   As section 26 relates, not to the venue or jurisdiction of the court, but to the manner of commencing an action, it is clear that the words "this section or the next one," in the fourth subdivision, refer to the subdivisions of the twenty-fifth section, and not to section 26 of the act.   Hence it follows that it was the intention of the Legislature to provide that, if the defendant did not appear and make a demand for the removal of the case to another district, where he had been served personally with the summons, to give the court issuing the summons jurisdiction to try the case, and to render judgment according to the evidence.   The exceptions stated in subdivisions 4 and 5 indicate that the word "must" in this section is not mandatory in the sense of taking away jurisdiction from a court other than the one specified therein as the place of trial, but it is used simply for the purpose of giving the defendant who is being sued in a wrong district the absolute right of removal if he makes his demand at the proper time and in the proper way.   If the word "may" were used instead of the word "must," it would leave the question of district entirely at the option of the plaintiff.   Obviously, the Legislature intended in using the

word "must," in this connection, to indicate that a defendant could insist upon the action being transferred to the proper district if it was brought in the wrong one. In order, however, to assert this right, he must appear and make the demand, or, if he fails to appear, his right to removal is lost, and the court where the action is brought has jurisdiction to proceed. Barker v. Archer, 49 App. Div. 80, 63 N. Y. Supp. 298. The judgment should therefore be reversed, and a new trial granted in the court below.

Judgment reversed and a new trial granted, with costs to appellant to abide event. All concur.