In re NORTH AMERICAN MERCANTILE AGENCY CO.

(Supreme Court, Appellate Division, First Department.  March 6, 1908.)

1. COURTS—MUNICIPAL COURTS—SUMMONS—CLERK'S DUTY TO ISSUE.
   Under Municipal Court Act, Laws 1902, p. 1498, c. 580, § 27, providing that a summons must be issued by the clerk of the district out of which the same is issued, etc., and section 25 (page 1497), giving such court jurisdiction to proceed in an action brought in the wrong district unless defendant exercises the privilege of removal to the proper district, a clerk upon the presentation of a verified complaint and his legal fees may not refuse to issue summons, until informed of facts from which he can determine whether his district has jurisdiction of the action; his duty being ministerial, and such a determination being judicial.

2. MANDAMUS—SCOPE OF REMEDY—ENFORCEMENT OF MINISTERIAL DUTY.
   Mandamus lies to compel a ministerial officer to perform his duty.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 133.]

Appeal from Special Term.

Application by the North American Mercantile Agency Company for peremptory mandamus to William J. Kennedy, clerk of the Municipal Court, Ninth District, borough of Manhattan.  From an order denying the writ, applicant appeals.  Reversed, and writ issued.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Louis H. Porter, for appellant.

Thomas F. Noonan (Theodore Connoly, on the brief and Francis K. Pendleton, Corp. Counsel), for respondent.

CLARKE, J. This is an appeal from a final order of the Special Term of the Supreme Court denying the appellant's application for a writ of peremptory mandamus requiring the respondent, as clerk of the Municipal Court of the city of New York, borough of Manhattan, Ninth District, to issue a summons to the petitioner upon the payment of his legal fees therefor. The petitioner is a foreign corporation, and, desiring to commence an action against certain defendants, Hublein & Janosek, its attorneys, prepared a verified complaint, submitted the same to the respondent as clerk of the Municipal Court, tendered him his legal fees of $1, and demanded a summons. The respondent asked the attorney's clerk who applied for the summons the residence of the parties; and the clerk being unable to give him such information, or to satisfy him as to the residence of the parties, the respondent refused to issue the summons. The respondent in his answering affidavit states as follows:

"I further say that I have been instructed by several justices who had been presiding in the Municipal Court, borough of Manhattan, Ninth District, not to issue any summons unless the plaintiff or his representative informs me where the plaintiff or defendant resides, so that I may be informed whether the plaintiff or the defendant or either of them resides in the district or transacts business or has an agency there."

Section 27 of the Municipal Court act (chapter 580, p. 1498, Laws 1902) provides that:

"The summons * * * must be issued and subscribed by the clerk of the court in the district out of which the same is issued, or by his assistant in the name of said clerk. * * *"

The refusal of the clerk to issue the summons prevented the commencement of the action which the plaintiff desired to bring in the Municipal Court for the Ninth District in the borough of Manhattan. The act of the clerk in issuing the summons is purely ministerial, and not judicial. His refusal to issue the summons, unless informed of certain facts from which he could determine whether the court of which he was the clerk had jurisdiction of the action, could only be based upon the proposition that his function in issuing the summons was judicial; for the determination of whether a given court has jurisdiction in a given action is judicial, and not ministerial. The right to determine such a question has not been conferred upon, and is not possessed by, the clerk.

Absolute power to refuse jurisdiction upon a question of residence in a particular district is not conferred upon the court. Section 25 (page 1497) of the Municipal Court act, supra, provides that:

"An action or proceeding of which the Municipal Court has jurisdiction must be brought: (1) In a district in which either the plaintiff or defendant or one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out of the city of New York, in which case the action or proceeding may be brought in said court in any district. * * * (3) By plaintiff not residing in the city of New York, in the district in which the defendant, or one of the defendants resides, and against a defendant or defendants, not residing in said city, in the district in which the plaintiff or one of the plaintiffs resides; but where all the parties reside out of said

city, the action may be brought in any district. No person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act. (4) If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon the demand of the defendant made upon or before the joinder of issue in writing or in open court, followed by the consent of the plaintiff, given in like manner, or the order of the court. The demand must specify the district to which defendant requires the action to be transferred. The court must make such order when the district in which the action or proceeding is brought is not the proper district, as specified in this section or the next one, if such demand be made."

It seems clear from the provisions above cited that, if the action is brought in a district which is not the proper one, the action may nevertheless be tried there, unless the defendant upon the joinder of issue demands its removal to the proper district. If no demand is made, the court has jurisdiction to try the action. A privilege is granted to the defendant, of which he may avail himself or not, as he will. In Dept. of Health v. Halpin, 40 Misc. Rep. 243, 81 N. Y. Supp. 679, the Municipal Court had dismissed the action, although the defendant did not appear on the return day of the summons or on the trial, upon the ground that the court did not have jurisdiction, that section 25 of the Municipal Court act was mandatory, and that the action must be brought in the district where the violation occurred, notwithstanding the fact that the defendant did not appear and ask to have the case removed to that district. The Appellate Term in this department reversed the court below, stating:

"The exceptions stated in subdivisions 4 and 5 indicate that the word 'must' in this section is not mandatory, in the sense of taking away jurisdiction from a court other than the one specified therein as the place of trial, but it is used simply for the purpose of giving the defendant who is being sued in a wrong district the absolute right of removal if he makes his demand at the proper time and in the proper way. * * * In order, however, to assert this right, he must appear and make the demand, or, if he fails to appear, his right to removal is lost, and the court where the action is brought has jurisdiction to proceed."

It cited Barker v. Archer, 49 App. Div. 80, 63 N. Y. Supp. 298, where the Appellate Division in the Second Department said:

"It is conceded the defendant raised no objection to the venue. We are of opinion that the question cannot be raised upon this appeal. The defendant must be deemed to have waived his right in respect to the district in which the action should be tried by not availing himself of the provisions of the statute."

If, then, as appears from the foregoing considerations, the court has jurisdiction to proceed in an action brought in the wrong district unless the defendant has exercised the privilege of removal to the proper district, it is perfectly obvious that the purely ministerial officer charged with the duty of issuing a summons upon the presentation of a verified complaint and his legal fees is not empowered to determine whether or not he will issue such summons upon his determination whether or not the court of which he is clerk has jurisdiction of the action. Mandamus is a proper remedy when a ministerial officer refuses to perform his duty.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the writ issued, with $50 costs to the appellant. All concur.

