In re NITCHIE.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. MANDAMUS—SUBJECTS OF RELIEF—JUDICIAL POWERS AND FUNCTIONS.

Where a justice of the Municipal Court was appointed to hold court in a district during the month of January, and would not be again assigned to that district until July, and the hearing on the return of an order to show cause why mandamus should not issue to compel him to retain jurisdiction in that district and there try an action was not had until February, mandamus was properly denied, since he could not be compelled to hear an action in a district to which he had not been assigned.

2. COURTS—MUNICIPAL COURTS—VENUE—WAIVER OF CHANGE.

An action brought in the Municipal Court in a district which is not the proper one may nevertheless be tried in that district, in the absence of a demand by defendant at the time and in the manner specified by Municipal Court Act, Laws 1902, p. 1497, c. 580, § 25, subd. 4, for a trans-

fer of the trial, or the consent of the parties thereto, and a justice cannot of his own motion transfer the trial.

Appeal from Special Term.

Application by John E. Nitchie for mandamus against David L. Weil, a justice of the Municipal Court of the city of New York. Application denied, and Nitchie appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis H. Porter, for appellant.
A. Stern, for respondent.

McLAUGHLIN, J. The application for a peremptory writ of mandamus to compel the respondent, a justice of the Municipal Court of the city of New York, to retain jurisdiction in the Seventh Municipal Court district, and there try the action referred to in the petition, was, under the facts presented in opposition to the writ, properly denied.

The respondent was assigned to hold court in the Seventh district during the month of January, 1908, and he will not again be assigned to that district until July, 1908. The hearing on the return of the order to show cause why the writ should not issue was not heard until February, 1908. The court, therefore, could not compel him to hear the case in a district to which he had not been assigned. Whether he has actually made an order—as he threatened to do—transferring the trial of the action from the Seventh district to a district in which one of the parties resides, does not appear from the record. If he did, the order is void, and the action may nevertheless be tried in the Seventh district. He could not, of his own motion, transfer the trial of the action from the district in which it was brought, in the absence of a demand duly made by the defendant, at the time and in the manner specified in subdivision 4 of section 25 of the Municipal Court act (Laws 1902, p. 1497, c. 580), or the consent of the parties. If an action is brought in a district which is not the proper one, it may nevertheless be tried in such district, unless the defendant, upon the joinder of issue, demand its removal to the proper district. If no demand is made, then the court has jurisdiction to try the action. This is a privilege given to the defendant, of which he may avail himself or not as he sees fit. In Matter of N. A. Mercantile Agency—decided at the February term, not yet officially reported—(Sup.) 109 N. Y. Supp. 165. Here issue had been joined, the defendant had made no demand to have the trial of the action transferred to another district, nor had the parties consented to such change, and the respondent, as justice then presiding in that district, had absolutely no power to transfer the trial to another district, and, if he did so, his order, as already said, is void. The action may nevertheless be tried in that district, and, if the papers relating to the action have been transferred to another district, it will be the duty of the clerk to return them to the Seventh district. An intimation from the clerk of the Seventh district would doubtless be sufficient to secure the return of such papers, and after such return the action can be restored to the calendar and tried.

The order appealed from therefore must be affirmed, but without costs. All concur.