(63 Misc. Rep. 363.)

PEOPLE ex rel. IMMERMAN et al. v. DEVLIN.

(Supreme Court, Special Term, New York County. May, 1909.)

1. PARTNERSHIP (§ 143*)—PAYMENT OF FIRM DEBTS—IMPLIED AUTHORITY TO RECEIVE.
    A partner has implied authority to receive payment of firm debts in the absence of a contrary agreement, and where such an agreement exists it does not affect the debtor unless he has notice thereof.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 230; Dec. Dig. § 143.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTNERSHIP (§ 148*)—PAYMENT OF FIRM DEBTS—IMPLIED AUTHORITY TO RECEIVE.

The satisfaction of a judgment by one partner is the satisfaction of the debt and a complete discharge from all partnership claims.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 148.*]

3. JUDGMENT (§ 892*)—SATISFACTION—CONSIDERATION.

The execution and acknowledgment of a satisfaction of a judgment is an act of equal deliberation and solemnity with the execution of an instrument under seal and discharges the judgment, though the consideration therefor is less than the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1704; Dec. Dig. § 892.*]

4. PARTNERSHIP (§ 283*)—PAYMENT OF FIRM DEBTS—IMPLIED AUTHORITY TO RECEIVE.

In the absence of an agreement that a particular partner shall liquidate the firm's affairs, each partner, even after dissolution, may receive payment of the debts and give releases therefor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 642; Dec. Dig. § 283.*]

5. JUDGMENT (§ 897*)—SATISFACTION—FILING.

Where a satisfaction of a judgment presented to the deputy clerk of the Municipal Court for filing was fair on its face, proper in form, and executed by one of the parties named in the action as a coplaintiff and copartner, and was properly filed by the deputy clerk, and the clerk, attempting to assume judicial functions and to declare that the satisfaction was improper or irregular, indorsed thereon, "Do not file." his act was of no consequence and did not affect the validity of the filing.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 897.*]

6. JUDGMENT (§ 897*)—SATISFACTION—POWERS OF CLERK OF COURT.

A clerk of a Municipal Court has no judicial powers and acts ministerially and exceeded his power in erasing from the judgment docket words properly written there to indicate that a judgment had been satisfied.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 897.*]

7. MANDAMUS (§ 71*)—GROUNDS OF RELIEF—MINISTERIAL OFFICER.

Mandamus is a proper remedy where a ministerial officer refuses to perform his duty.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 133; Dec. Dig. § 71.*]

Application by the People, on the relation of Benjamin Immerman and others, for mandamus directed to James J. Devlin, as Clerk of the Second District Municipal Court. Judgment for relators.

Abraham L. Levy, for relators.
Harold M. Phillips, for respondent.

GILDERSLEEVE, J. This is a petition praying for the issuance of a writ of mandamus directed to the defendant herein, requiring him, as clerk of the Second District Municipal Court, borough of Manhattan, to file with the records of said court a certain satisfaction of judgment, to mark upon the docket of judgments kept in his office a satisfaction thereof, and to issue to the relators herein a certificate of satisfaction of said judgment.

The material facts are as follows: An action was brought in the Municipal Court under the title "Isaac Albert, Hyman Bernstein, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis Albert, copartners, doing business as the Excelsior Cork Works, plaintiff, against Benjamin Immerman, Isaac Immerman, and Isaac Rathkowsky, defendants." After a trial had on November 23, 1908, the plaintiffs recovered a judgment against the defendants for the sum of $63.25. The defendants duly appealed from said judgment, and while the appeal was pending Hyman Bernstein, one of the persons named in the action as one of the plaintiffs, and one of the defendants, entered into negotiations which resulted in the payment. by said defendant to said Bernstein of the sum of $40 in full for the amount of said judgment. Prior to such payment a satisfaction of said judgment was prepared, which contained all the requisite essentials of such an instrument. It was signed "Excelsior Cork Works, by Hyman Bernstein," a seal was attached thereto, and the said Bernstein, on the same day, viz., December 15, 1908, duly acknowledged the said instrument before one Morris Horowitz, a commissioner of deeds of this city. The acknowledgment recited, among other things, that said Bernstein was a copartner in the Excelsior Cork Works, "one of the plaintiffs herein." This instrument was presented at the office of the defendant herein, and a deputy clerk therein pronounced it correct and announced to the relator that the same would be duly filed in said clerk's office, and the said relator thereupon paid the said Bernstein the sum of $40. Thereafter an execution was issued upon the said judgment, and on May 7, 1909, a deputy to the sheriff of this county called at defendants' place of business and demanded the sum of $65.90 and his fees in payment of said judgment, and made a levy thereunder upon goods belonging to the defendants. An examination in the clerk's office disclosed the following facts: That said satisfaction piece had been indorsed "Filed 12, 16, '08," and thereunder had been written in pencil the words "Do not file." The indorsement of satisfaction contained in the judgment docket in said clerk's office had been stricken out, and there was nothing thereon to show that said judgment had been in any way satisfied. Upon this state of facts being discovered, the relators' attorney immediately demanded of the deputy clerk that he file said satisfaction of judgment as of the date of December 16, 1908, and that he restore in the appropriate docket of judgment the entry showing its satisfaction. This demand was refused.

The foregoing statement of facts appears in the moving papers, and in addition thereto Hyman Bernstein makes oath that:

"He was and still is a copartner in the business carried on by him and his coplaintiffs under the name and style of the Excelsior Cork Works; that such copartnership has never been dissolved and is still in existence."

He also testifies that he executed the satisfaction piece aforesaid in good faith, believing it was for the best interests of all concerned to settle said litigation, and that he received said sum of $40, and is ready to account to his copartners in the matter. The clerk of the Municipal Court files no affidavit whatever herein. The attorney for the plaintiffs in the action in the Municipal Court files an affidavit, but does not contradict any material fact set forth in the moving papers. He admits in said affidavit that Hyman Bernstein was one of

the plaintiffs in said action. One of the coplaintiffs in said action filed an affidavit in which he swears:

"That he brands as false and untrue the statement contained in Bernstein's affidavit that the partnership between deponent, his son Louis Albert, and said Hyman Bernstein is still in existence, and was in existence at the time of the execution of the alleged satisfaction of judgment; but, on the contrary, deponent alleges that the partnership was and has been for a long while dissolved, and was dissolved by the mutual consent of the parties hereto to said partnership."

It will be observed that, while this affidavit declares that Bernstein's statement as to the continuance of the partnership is false, he does not state definitely when the partnership was dissolved, nor does he state whether it was dissolved before or after the execution of the satisfaction piece; the phrase, "a long while dissolved," being merely a comparative statement and showing nothing in contradiction of Bernstein's positive allegation aforesaid.

From the foregoing it will be seen that there is no contradiction of the material facts in this case. Every partner has implied authority to receive payment of firm debts in the absence of an agreement to the contrary, and when such agreement exists it does not affect the firm debtor unless he has notice of it. 30 Cyc. 498, and cases cited. The implied authority of each partner to settle and compromise claims of or against the firm and to execute releases results from his general agency of the firm, and all such transactions are binding upon the firm unless for some reason the particular transaction is fraudulent. Id. One of two partners who are plaintiffs in an action upon a partnership claim has a right to settle the action, and when he settles it for good and valuable consideration his act is binding upon the firm, and his copartner, if he has been injured, must look to him for redress. Minto v. Baur, 53 Hun, 636, 6 N. Y. Supp. 444. A satisfaction of a judgment by one partner is the satisfaction of the debt and a complete discharge of the debtor from all partnership claims. Chapin v. Clemitson, 1 Barb. 311. The execution of an acknowledgment of a satisfaction of a judgment and acknowledging such execution as required by statute is an act of equal deliberation and solemnity with the execution of an instrument under seal. It is equally effective, as an evidence of payment of the judgment, as an instrument executed under seal, and will discharge the judgment, although the consideration therefor is less than the amount of the judgment. Beers v. Hendrickson, 45 N. Y. 665.

If we assume that in the case at bar the partnership had been dissolved prior to the execution of the satisfaction piece by Bernstein, it would not alter the legal situation disclosed herein. In the absence of an agreement that a particular partner shall liquidate the firm's affairs, each partner, even after dissolution, has power to receive payment of debts and give receipts and releases therefor (30 Cyc. 663), and this is so even where a power of attorney is given generally to one of the partners authorizing him to close up the partnership business. Napier v. McLeod, 9 Wend. 120. The instrument presented to the deputy clerk of the Municipal Court was fair on its face, proper in form, and, as before stated, it was signed and executed by one

118 N.Y.S.—31

of the persons named in the preceding proceedings in the action as one of the coplaintiffs and copartners. It appears to have been properly filed by the deputy clerk. The clerk, attempting to assume judicial functions, and to declare that the instrument was improper or irregular, indorsed thereon the words, "Do not file." These words are of no consequence. They do not affect the validity of the filing in any way. Had they been erased another situation would have been presented. As it stands now, the instrument is on file, and properly so.

The clerk, also, it appears, erased from the judgment docket words that had properly been written there to indicate that the judgment had been satisfied. This he had no authority to do. It has been held so frequently that a clerk of a Municipal Court has no judicial powers and acts merely ministerially that a citation of authorities thereon is superfluous and needless. The clerk in the case at bar merely exceeded his power in making the erasure referred to. The duties of a clerk of the Municipal Court are clearly defined in the act, and one duty devolving upon him is "to file papers delivered to him for that purpose in an action." Subdivision 4, § 282, c. 580, p. 1571, Laws 1902. The clerks of that court have no power to determine the legal effect of a proper paper offered to them for filing and to fix the status of the parties thereto by refusing to file the same. Such powers exist in courts and not clerks. Section 277 of the Municipal Court act provides that judgments docketed in these courts may be satisfied in the same manner as judgments docketed in courts of record. Section 1260 of the Code provides that the docket of a judgment must be canceled and discharged by the clerk in whose office the judgment roll is filed by filing with him a satisfaction piece describing the judgment, etc. Section 282, subdivision 6, of the Municipal Court act provides that the clerk's duty is "to authenticate by certificate or exemplification, as may be required, the record or proceedings of the court or any other papers appertaining thereto and filed with him." Mandamus is a proper remedy where a ministerial officer refuses to perform his duty. Matter of North American Mercantile Agency v. Kennedy, 124 App. Div. 657, 109 N. Y. Supp. 165.

It follows therefore that the motion herein should be granted to the extent of directing that the clerk of the Municipal Court in said district indorse upon the judgment docket the appropriate words to show that the same has been satisfied as of December 16, 1908, and to deliver to the petitioners a certificate, upon demand therefor and payment of the proper fee, showing that said judgment was so discharged, and that the petitioners have costs herein.

Ordered accordingly.