Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Salvatore Parlato against Hugh Thomas. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Charles W. Gould, for appellant.

Daniel F. Kiely, for respondent.

SEABURY, J. The plaintiff sues to recover the value of a horse, which he delivered to the defendant upon the understanding that the defendant was to keep it in his stable for $5 per month. Under the agreement the plaintiff was to feed the horse. The horse was stolen. The relation existing between the plaintiff and the defendant was that of bailor and bailee for mutual benefit. The defendant's duty as bailee merely required him to exercise ordinary care, and he was not liable for the loss of the horse, in the absence of proof that the loss was occasioned by his negligence or wrongful act. Stewart v. Stone, 127 N. Y. 500, 506, 28 N. E. 595, 14 L. R. A. 215; Cramer v. Klein, 127 App. Div. 146, 111 N. Y. Supp. 469.

Judgment affirmed, with costs. All concur.

---

### ANDERSON v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

VENUE (§ 4*)—CHANGE OF PLACE OF TRIAL—CHANGE BY COURT OF ITS OWN MOTION.

The Supreme Court being a court of general jurisdiction, extending over the whole state, parties in transitory actions may lay the venue in any county, and there have the issues disposed of, and where the privilege of removal given to defendant is waived the court of its own motion may not refuse to try the action.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 3; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

Action by Ethel I. Anderson against the Nassau Electric Railroad Company. From an order denying a motion to restore the case to the day calendar for trial, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Hugert F. Norman (J. Arthur Hilton, of counsel), for appellant.

George D. Yeomans (D. A. Marsh, of counsel), for respondent.

CLARKE, J. After this case had been some nine months upon the calendar, had been noticed for trial by both sides, and had been answered "ready" from day to day upon the call, the trial justice of his own motion marked it off the calendar, presumably upon the ground that the plaintiff was a resident of the county of Kings, that the defendant there operated a railroad, that the accident occurred in said county, and the defendant there had its principal place of business. A

motion was subsequently made to restore the case to the calendar, which motion having been denied, the plaintiff appeals.

The Appellate Division in the Second Department, in Phillips v. Tietjen, 108 App. Div. 9, 95 N. Y. Supp. 469, held, upon a review of the cases, that the court had no power, of its own motion and under such circumstances, to change the place of trial of a transitory action. This was followed in the same department by Schober v. Fifth Avenue Coach Co., 110 App. Div. 921, 96 N. Y. Supp. 1145. In this department we have applied the same rule to actions in the Municipal Court (Matter of North American Mercantile Agency Co., 124 App. Div. 657, 109 N. Y. Supp. 165), where we granted a mandamus to compel the clerk of a Municipal Court to issue a summons from said court, which had been refused upon the ground that the defendant did not reside in the district. This was followed in the Matter of Nitchie, 125 App. Div. 378, 109 N. Y. Supp. 758.

The Supreme Court is a court of general jurisdiction, extending over the whole state. In transitory actions parties have a right to lay the venue in any county and there have the issues disposed of, if they so desire. The privilege of removal, which is given to the defendant, may be waived, and if so waived the court of its own motion may not refuse to try the action.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and motion to restore to the trial calendar granted. All concur.