THE CITY OF NEW YORK, Appellant, *v.* ANDREW GREIS, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1919.)

Actions — Municipal Court of city of New York — in what district action should be brought — when demand to transfer to proper district must be made — appeal.

> A Municipal Court action brought by the city of New York to recover penalties for violations of the Building Code, alleged to have occurred within the territorial limits of a particular district of the Municipal Court, should be brought in that district.
>
> Where, however, the action was brought in another district and the defendant did not before or at the joinder of issue demand that the action be transferred to the proper district, an order transferring the cause, granted nearly two months after the action was begun, will be reversed on the ground that defendant had lost his right to such removal.

APPEAL by plaintiff from an order granting defendant's motion to transfer two actions from the fifth district Municipal Court of the city of New York, borough of Manhattan, to the second district court of the same borough.

William P. Burr (Joseph I. Berry and John P. Morris, of counsel), for appellant.

Herman G. Loew, for respondent.

LEHMAN, J.   The city of New York brought two actions to recover penalties for violations of the Building Code. The premises where the alleged violations occurred are situated in the territory embraced within the limits of the second district of the Municipal Court

and under the provisions of section 17 of the Municipal Court Code the action should have been brought within that district.    The plaintiff, however, brought the action in the fifth district on May fifth. The defendant did not before or at joinder of issue demand that it be transferred to the proper district but on the twenty-seventh day of June he served notice upon the plaintiff that he would move on the thirtieth day of June for an order transferring the two cases.   The motion was granted and the plaintiff now appeals from the order entered thereon.

Section 17 of the Municipal Court Code provides that " If the action is brought in the wrong district, it may nevertheless remain there unless the defendant demands that it be transferred " and it also provides that " Such demand *must* be made  *  *  *  before or at joinder of issue."   The Municipal Court had jurisdiction of the cause of action and of the parties therein and the justice sitting in the district where the action was brought had power to hear and determine the issues unless the defendant demanded that it be transferred and unless the defendant made such demand within the time limited he lost the right to ask for a transfer.  See *Department of Health* v. *Halpin,* 40 Misc. Rep. 243, cited with approval in *Matter of Nitchie,* 125 App. Div. 379.   In the latter case the Appellate Division squarely held that under the Municipal Court Act a justice of the Municipal Court cannot transfer the trial of an action from the district in which it was brought " in the absence of a demand duly made by the defendant, *at the time and in the manner specified* " in the Municipal Court Act.   It cannot be contended that this case is no longer binding authority because under the provision of the Municipal Court Code which superseded the Municipal Court Act, the Municipal Court is now a court of record and its practice assimilated to the

practice in the Supreme Court; for in the case of *Anderson* v. *Nassau Electric Railroad Co.,* 138 App. Div. 816, an order removing a case in the Supreme Court from the county where it was brought to the county where the venue should properly have been laid was reversed and it was decided that: "In transitory actions parties have the right to lay the venue in any county and there have the issues disposed of if they so desire. The privilege of removal which is given to the defendant may be waived and if so waived the court of its own motion may not refuse to try the action." Since under the statute the cause of action may be tried in the district where it was brought unless the defendant makes timely demand for its removal and since the defendant by failure to make such demand within the time limited has waived his right to ask for such removal, the justice below had no power to order a transfer of the case.

Order is therefore reversed, with ten dollars costs.

BIJUR and WAGNER, JJ., concur.

Order reversed, with ten dollars costs.