## KIERNAN v. MULTNOMAH COUNTY.

(Circuit Court, D. Oregon. July 28, 1899.)

No. 2,544.

**1. CONSTITUTIONAL LAW—DUE PROCESS OF LAW.**
 The provision of the fourteenth amendment to the constitution against depriving a person of his property without due process of law is a prohibition upon the states, and not upon individuals; and a suit to enjoin a threatened taking of complainant's property, which it is alleged will be without any authority of law, does not involve a federal question.[1]

**2. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.**
 A suit to obtain a construction of a state law, which complainant alleges is being misinterpreted and misapplied in violation of his constitutional rights, does not involve a federal question.

This was a suit to restrain a sheriff from selling complainant's property for certain taxes.

Charles F. Lord and A. C. Spencer, for complainant.
Alex Bernstein and M. L. Pipes, for defendant.

BELLINGER, District Judge. This is a suit by a resident and citizen of the state of Oregon against the sheriff of Multnomah county to restrain the collection of certain taxes for which the sheriff has a warrant, and under which he threatens to sell complainant's property for unpaid assessments. The substance of the complaint is that the tax and proceeding are not authorized by the law of the state in pursuance of which the sheriff is acting, and that to permit the sale of the complainant's property in the manner threatened would be to take his property "without due or any process of law, and in violation of section 1 of article 14 of the constitution of the United States of America, in that the same would abridge the privileges and immunities of the complainant, and deprive him of his real properties," described in the complaint, "without due protection of law." The fourteenth amendment has reference exclusively to state action, and not to any action by individuals. It is a prohibition upon the state to "make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," or which shall "deprive any person of life, liberty, or property without due process of law." It prohibits state legislation in violation of these rights. It does not refer to any action by private individuals (Virginia v. Rives, 100 U. S. 318; U. S. v. Cruikshank, 92 U. S. 542; Civil Rights Cases, 109 U. S. 11, 3 Sup. Ct. 18), otherwise every invasion of the rights of one person by another would be cognizable in the federal courts under this amendment. The questions sought to be presented in this case relate to the interpretation to be given a law of the state, and the complaint is that this law is being misinterpreted and misapplied, to the injury of the plaintiff in his rights of property. In all such cases, where there is not the requisite

---

[1] For jurisdiction of federal courts in cases involving federal questions, see note to Bailey v. Mosher, 11 C. C. A. 308, and, supplementary thereto, note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

diverse citizenship and amount in controversy to give the court jurisdiction, the remedy for the injuries complained of is in the state courts. The bill of complaint is dismissed.