UNITED STATES, to Use of KINNEY, v. BELL.

(Circuit Court, E. D. Pennsylvania. February 29, 1904.)

No. 32.

1. CLERK OF COURT—FAILURE TO ISSUE SUMMONS.

A clerk of a court is essentially a ministerial officer, and has nothing to do with the character or purpose of papers which are tendered to him to be filed. When suit is ordered or process directed to be issued, it is his duty to comply, if the party is prima facie entitled to it; and for failure to do so he is liable for any loss, the measure of his responsibility being the damages which have resulted therefrom.

2. SAME—ACTION FOR DAMAGES—DECLARATION OR COMPLAINT.

In an action on the official bond of a clerk of the Circuit Court for refusal to issue a summons, the plaintiff must state in his declaration enough to show that he had a good cause of action against the parties whom he desired to sue. He cannot simply claim as damages the amount for which he wanted to bring suit, and a declaration or complaint which does nothing more is demurrable.

3. SAME—ACTION ON OFFICIAL BOND—NOMINAL DAMAGES.

Where there has been a breach of official duty by a clerk, resulting in substantial damage, suit may be brought on the official bond in the name of the United States, for the use of the party injured; but, to maintain such action, something more than nominal damages must be shown.

---

¶ 1. See Clerks of Courts, vol. 10, Cent. Dig. §§ 125, 126.

Robert D. Kinney, for plaintiff.
Wm. M. Stewart, Jr., for defendant.

ARCHBALD, District Judge. On December 29, 1902, Robert D. Kinney, the use plaintiff, presented to the defendant, Samuel Bell, clerk of this court, a præcipe signed by himself for a summons in assumpsit against Thomas K. Finletter, Charles B. McMichael, and Henry J. McCarthy; accompanying it with a declaration or statement of his intended cause of action. The parties so named as defendants were, as is well known, the judges at the time of the court of common pleas No. 3 of Philadelphia, against whom it was sought by Mr. Kinney to bring suit in this court in his own behalf. Col. Bell refused to obey the præcipe and issue the summons ordered, or even to allow the papers so presented to him to be filed. However commendable this act, on general principles, in order to prevent useless, if not vexatious, litigation, it must be judged of from a purely legal standpoint here.

The clerk of a court is essentially a ministerial officer. 7 Cycl. Law & Pro. 196. And he has nothing to do with the character or purpose of papers which are tendered to him to be filed. When suit is ordered or process directed to be issued, it is his duty to comply, if the party is prima facie entitled to it; and for failure to do so he is liable for any loss, the measure of his responsibility being the damages which have resulted therefrom. 7 Cycl. Law & Pro. 228. As to this there is no controversy, and the only question is with regard to its application.

In the case in hand, the plaintiff, on presenting his præcipe, was entitled to a summons, regardless of the character of the parties defendant named therein, or whether, in the opinion of the clerk, the statement with which it was accompanied showed a cause of action against them which was cognizable here. That was a question for the court, which he could not pass upon. Just what that cause of action was, in all its parts, we do not know; the plaintiff not having seen fit in this case to exhibit a copy of the declaration or statement of demand which he sought to file in that, and his recital of it in the present record being anything but clear. But it did not necessarily depend on the diverse citizenship of the parties—this being but one of the grounds of the court's jurisdiction—so that the fact that this did not appear was not material. The plaintiff was entitled to a summons on his præcipe, as it stood. It did not have to be accompanied with a declaration—much less, with one that showed a good cause of action—and the act of the clerk in refusing to docket the case and issue a summons was not justified. The only inquiry, then, is as to the damages which are shown to have been sustained.

The plaintiff claims to have lost the amount for which he tried to ing suit, but was not allowed to, which he states as $26,546.18. t the mere fact that he thought he was entitled to recover that n does not prove that he was, nor establish, without more, that he injured to that extent by being deprived of the opportunity of ng to do so. He must bring forward enough to show that prima e, at least, he had a good cause of action against the parties whom

he desired to sue, and only as this is done is he entitled to maintain his action. Stevens v. Rowe, 3 Denio, 327; State v. Fleming, 124 Ind. 97, 24 N. E. 664. But, as already stated, only in the vaguest and most indefinite way is any sort of a case against them suggested. His proposed action, as he avers, was "for the purpose of obtaining redress by due course of law for the deprivation * * * of certain rights and privileges secured to him by the Constitution and laws [whether of state or nation is not indicated], and to which he had then recently been subjected by the persons in said præcipe named as defendants; the said persons having perpetrated said deprivations by means of certain acts done by them under color of the laws, customs, and usages of the state of Pennsylvania, whose duly commissioned and legally qualified officers of its judicial power they at the time of their so doing in fact were." So far as this is at all intelligible, the plaintiff comes very near to pleading himself out of court; it being evident that his complaint was for acts done by the proposed defendants in their judicial capacity. But without stopping to enlarge on that, no cause of action of any character against them is disclosed. What particular rights he was deprived of, in what way this was accomplished, or what was the instrumentality of the defendants therein, is not in the remotest degree suggested. He is compelled to fall back, therefore, on the bare fact that he wanted to bring suit for the amount named, because of some supposed grievance, and was not permitted to do so. Whatever the mistake of the clerk in refusing to allow it, there is nothing to show that he lost anything but the opportunity for a lawsuit, and considerably more than this was required. It is true that in Balt. & Ohio R. R. v. Weedon, 78 Fed. 584, 24 C. C. A. 249, the failure of a clerk to issue process as ordered for the review on appeal of a judgment obtained against the moving party was held to make him liable for the amount which had been recovered. But this certainly goes to the verge, reversible error being presumed, instead of probable error required to be proven; but the plaintiff at least laid ground for it in his complaint, by stating the facts and averring the commission of error, which sufficiently distinguishes the case from what we have here.

It is said, however, that, the refusal of the clerk being a breach of official duty, the plaintiff is at least entitled to nominal damages. Heater v. Pearce, 59 Neb. 583, 81 N. W. 615. This might be true if this was an action of tort against the clerk alone, the plaintiff being justified in bringing suit to establish his right and compel a recognition of it, although there are excellent authorities which hold that even in that case something more than nominal damages must be shown. Williams v. Mostyn, 4 Mees. & Wellsby, 145; Stimson v. Farnham, L. R. 7 Q. B. Cases, 175; McAllister v. Clement, 75 Cal. 182; 16 Pac. 775. But the action is based on the defendant's bon[d] and, if judgment is entered at all, it must be for the full amount of th[e] penalty, against both the clerk and his sureties. This bond is giv[en] to the United States, for the joint protection of both the governme[nt] and private suitors, in a sum which is supposed to be adequate [for] that purpose. Where there has been a breach of official duty, res[ult]ing in substantial injury, suit may, no doubt, be brought upon i[t]

the name of the United States, to the use of the party injured. Howard v. U. S., 102 Fed. 77, 42 C. C. A. 169. But it is a perversion of this right to invoke it where nothing but nominal damages are shown, and a recovery asked, as here, for $20,000, to secure the payment of 6 cents.

Let judgment be entered on the demurrer in favor of the defendant, with costs.

### NOTE.

In O'Connell v. Mason, 127 Fed. 435, it was held that a suit against a judge for acts done in a judicial capacity, even in excess of his jurisdiction, could not be maintained, and, having been begun in forma pauperis under Act July 20, 1892, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], would be dismissed, on motion, as frivolous.