UNITED STATES, to Use of KINNEY, v. BELL et al.

(Circuit Court of Appeals, Third Circuit. January 18, 1905.)

No. 23.

1. OFFICERS—CIRCUIT COURT CLERK—BONDS—RIGHT TO SUE.
Though the bond of a United States Circuit Court clerk is given to the United States as sole obligee, it is available to any private suitor to indemnify him for any loss he has sustained by reason of the clerk's delinquency.
[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Clerks of Courts, § 136.]

2. SAME—ERROR—RECORD.
Where, in a suit against a Circuit Court clerk for misconduct in refusing to file plaintiff's papers, etc., in a certain suit, plaintiff made profert of his statement of claim in his intended suit, and annexed a copy thereof as an exhibit to his assignments of error filed in the trial court, such exhibit was a part of the record on error.

3. SAME—STATE JUDGES—JUDICIAL FUNCTIONS—CIVIL LIABILITY.
Judges of the courts of common pleas of the state of Pennsylvania, having general jurisdiction, are exempt from civil liability for acts done by them in the exercise of their judicial functions.
[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, §§ 165–183.]

4. SAME—PAPERS—REFUSAL TO FILE.
Where a statement of plaintiff's claim offered for filing in the federal Circuit Court against certain state judges of general jurisdiction showed on its face that plaintiff had no lawful demand or good cause of action against the defendants whom he proposed so to sue, he was not injured by the refusal of the clerk of the Circuit Court to file the papers and issue summons.

5. SAME—JURISDICTION.
Where, in a suit by a private person against state judges of general jurisdiction, the statement of plaintiff's claim did not show diverse citizenship, or that the action involved a federal question, a mere allegation that defendants were liable under Rev. St. §§ 1979, 1980 [U. S. Comp. St. 1901, p. 1262], prohibiting the deprivation of rights, privileges, and immunities secured by the Constitution and laws, etc., was insufficient to establish federal jurisdiction, in the absence of an allegation of facts showing a substantial dispute as to the effect or construction of the Constitution, or of some law of the United States on the determination of which the recovery depended.
[Ed. Note.—Jurisdiction of federal courts in suits involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

6. SAME—STATE LAWS—PROCEDURE—CONSTRUCTION.
The Pennsylvania procedure act of May 25, 1887 (P. L. 271), authorizing the entry of default in case defendants fail to file an affidavit of defense, does not entitle plaintiff to a default in the absence of such affidavit, where his statement of claim was insufficient on its face, and was subject to attack by demurrer.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 127 Fed. 1002.

Robert D. Kinney, in pro. per.
Wm. M. Stewart, Jr., for defendants in error.

Before ACHESON and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This was an action brought in the name of the United States by Robert D. Kinney to his own use. The action was against Samuel Bell, clerk of the Circuit Court of the United States for the Eastern District of Pennsylvania, and his sureties, William F. Donaldson and Charles A. Porter, and was upon the official bond of the clerk, given to the United States, in the sum of $20,000, conditioned that the said Samuel Bell "shall faithfully discharge the duties of his office and seasonably record the decrees, judgments and determinations of the said court and properly account for all moneys coming into his hands, as required by law."

Although the bond of a clerk of the United States Circuit Court (as in this instance) is given to the United States as sole obligee, yet, no doubt, such bond is available to any private suitor to indemnify him for any loss he has sustained by reason of the failure of the clerk to discharge any of the duties of his office. Howard et al. v. United States, 102 Fed. 77, 42 C. C. A. 169.

In the present case the declaration or statement of demand of the use plaintiff (Robert D. Kinney) set out as his ground of action that by his præcipe in writing he requested and ordered the said Samuel Bell, as such clerk, to issue a writ of summons out of said clerk's office, "in an action intended by him to be thereby commenced in this own behalf for hearing and determination in said Circuit Court for the purpose of obtaining redress, by due course of law, for the deprivation to him of certain rights and privileges secured to him by the Constitution and laws, and to which he had then recently been subjected to by the persons in the said præcipe named as defendants therein, the said persons having perpetrated said deprivations by means of certain acts done by them under color of the laws, custom, and usage of the state of Pennsylvania, whose duly commissioned and legally qualified officers of its judicial power they at the time of their so doing in fact were"; that he delivered to the clerk (Bell) his præcipe, together with his statement of claim in his intended action, but that said clerk "willfully refused and has utterly neglected to issue said writ of summons," and also refused to file the papers so presented to him. In his statement of demand in this case, the plaintiff made profert of his statement of claim in his intended action; and he has annexed a copy of that statement, marked "Exhibit A," to his assignments of error filed in the court below, which assignments, together with said annexed statement, are now before us for consideration. We agree with the plaintiff in error that said Exhibit A is part of the record in this case. Referring, then, to that paper (Exhibit A), we find that the persons against whom the plaintiff, by his præcipe, ordered a writ of summons to issue out of the office of the clerk of the Circuit Court, were Thomas K. Finletter, Charles B. McMichael, and Henry

J. McCarthy, judges of the court of common pleas No. 3 of Philadelphia county, and that the acts complained of were done by them while presiding and sitting as judges of said court; those acts consisting, first, in causing an action which the plaintiff, Kinney, had brought against one Hugg to be improperly docketed in the court of common pleas No. 3, whereas it should have been docketed in one of the other courts of common pleas of Philadelphia county, to wit, in court No. 4; second, in maliciously, and without justification therefor in law, discharging a rule for judgment against Hugg for want of an affidavit of defense in said action against him; and, third, in maliciously, and without justification therefor in law, discharging a rule on said Hugg to show cause why the statement of claim in said action should not be withdrawn, and an amended statement of claim filed, and why the defendant should not file his affidavit of defense thereto, or judgment sec. reg., the præcipe, summons, and record to be amended accordingly.

Although the United States is here the nominal plaintiff, the action was really brought and has been prosecuted by the use plaintiff, Kinney, to recover for an alleged injury sustained by him by reason of the clerk's refusal to issue a summons and file the papers aforementioned. The basis of the claim here declared on is the supposed right of action the use plaintiff had against the persons whom he proposed to sue in the Circuit Court. It becomes, then, important to inquire whether he had a right of action which was frustrated by the clerk's refusal. Now, it has long been the settled doctrine both in England and in this country that judges of courts of general authority are exempt from liability in a civil action for acts done by them in the exercise of their judicial functions. Fray v. Blackburn, 3 Best & Smith (Q. B.) 576, 577; Scott v. Stansfield, 3 Law Reports, Exchequer, 220; 14 English Ruling Cases, 42 et seq.; Yates v. Lansing (Opinion by Kent, C. J.) 5 Johns. 283; Randall v. Brigham, 7 Wall. 537, 19 L. Ed. 285; Bradley v. Fisher, 13 Wall. 335, 351, 20 L. Ed. 646.

In Fray v. Blackburn, supra, Crompton, J., said:

"It is a principle of our law that no action will lie against a judge of one of the superior courts for a judicial act, though it be alleged to have been done maliciously and corruptly. Therefore the proposed allegation would not make the declaration good. The public are deeply interested in this rule, which, indeed, exists for their benefit, and was established in order to secure the independence of the judges, and prevent their being harassed by vexatious actions."

In Scott v. Stansfield, supra, the Chief Baron said:

"This provision of the law is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."

In Bradley v. Fisher, supra, the Supreme Court of the United States, speaking by Mr. Justice Field, quoted with approbation what was said by Crompton, J., in Fray v. Blackburn, supra, and further declared—

"That judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of

their jurisdiction, and are alleged to have been done maliciously or cor-
ruptly."

In the light of these authorities, it plainly appears on the face of his statement of claim that the use plaintiff, Kinney, had no lawful demand or good cause of action against the persons whom he proposed to sue in the Circuit Court. How, then, was he injured by the refusal of the clerk to issue a writ of summons or file his papers?

But the record discloses conclusive ground for affirming the judgment of the court below. The Circuit Court had no jurisdiction of the proposed action against the state judges. The plaintiff's statement of claim against them did not show diverse citizenship of parties. In fact, all the named parties to the proposed action were citizens of Pennsylvania. The proposed action did not involve any federal question. Kiernan v. Multnomah County (C. C.) 95 Fed. 849. The plaintiff's claim as set forth in his statement was founded upon alleged malicious and unlawful acts of the named defendants, committed by them when sitting and acting as judges of the court of common pleas, and while they were engaged in administering the laws of the state of Pennsylvania. Clearly, the statement of claim in the contemplated suit presented no controversy arising under the Constitution or laws of the United States to give jurisdiction to the Circuit Court. McCain v. Des Moines, 174 U. S. 168, 171, 181, 19 Sup. Ct. 644, 43 L. Ed. 936. It is true the præcipe read, "Issue summons in assumpsit as above, returnable according to law, under the provisions of the Rev. Statutes, Nos. 1979 and 1980 of the United States [U. S. Comp. St. 1901, p. 1262]," and the accompanying statement of claim alleged that the named defendants were liable "under and by virtue of the provisions of Sections Nos. 1979 and 1980 of the Revised Statutes of the United States." But such a bare allegation does not give jurisdiction to the Circuit Court of the United States. McCain v. Des Moines, supra. In that case the Supreme Court said:

"The facts alleged must show the nature of the suit, and it must plainly appear that it arises under the Constitution or laws of the United States; that is, there must be a real and substantial dispute as to the effect or construction of the Constitution or of some law of the United States, upon the determination of which the recovery depends."

Sections 1979 and 1980 of the Revised Statutes [U. S. Comp. St. 1901, p. 1262] do not confer any jurisdiction upon the United States courts. Hemsley v. Myers (C. C.) 45 Fed. 283, 290; McCain v. Des Moines, supra. In the latter case the Supreme Court said:

"The jurisdiction of the Circuit Court depends upon the act approved August 13, 1888, 25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508], a part of which reads as follows: 'That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, * * * arising under the Constitution or laws of the United States. * * *'"

The following remarks of the court in Kiernan v. Multnomah County, supra, are very apposite to the action which the plaintiff

in error proposed to bring in the Circuit Court against the state judges:

"The questions sought to be presented in this case relate to the interpretation to be given to a law of the state, and the complaint is that this law is being misinterpreted and misapplied, to the injury of the plaintiff in his rights of property. In all such cases, where there is not the requisite diverse citizenship and amount in controversy to give the court jurisdiction, the remedy for the injuries complained of is in the state courts."

As, then, the Circuit Court had no jurisdiction of the proposed action against the state judges, it follows that the use plaintiff, Kinney, sustained no legal injury whatever by the clerk's noncompliance with his præcipe, and failure to file his papers.

We have not overlooked the point made by the plaintiff in error that the defendants were bound to file an affidavit of defense, and in default thereof the plaintiff was entitled to judgment. We cannot, however, adopt the construction of the Pennsylvania procedure act of May 25, 1887 (P. L. 271), which the plaintiff in error presses upon us. Notwithstanding the provisions of that act, we think that if the plaintiff's statement of demand is bad in substance, or is insufficient to show a valid claim, the defendant need not reply by an affidavit, but may file a demurrer. That this is good practice is recognized by the Supreme Court of Pennsylvania in Bradly v. Potts, 155 Pa. 418, 427, 26 Atl. 734. Indeed, we understand the court in that case to declare that the established and only way to raise the objection that the statement of demand does not set forth a good cause of action is by demurrer.

The judgment of the Circuit Court is affirmed.

On Rehearing, April 19, 1905.

PER CURIAM. Since the reargument this case has again received our attentive consideration, with the result that we see no reason to depart from the views expressed in our opinion heretofore filed.