THE PEOPLE OF THE STATE OF NEW YORK ex rel. EVA M. TROST, Appellant, v. PATRICK H. BIRD, as Clerk of the Municipal Court of the City of New York, Borough of Manhattan, Third District, Respondent.

First Department, November 8, 1918.

**Appeals — time of filing notice in Municipal Court — right of clerk to refuse to file because too late.**

A clerk of the Municipal Court in the city of New York has no discretion to refuse to file a notice of appeal on the ground that the time to appeal has expired; and a peremptory writ of mandamus will issue requiring him to file such notice *nunc pro tunc*.

The clerk is merely a ministerial officer and is not vested with any judicial functions.

The determination of the question whether such an appeal is properly taken is within the province of the Appellate Term on motion to dismiss the appeal.

APPEAL by the relator, Eva M. Trost, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of March, 1918, denying her motion for a peremptory writ of mandamus requiring the respondent to accept and file *nunc pro tunc* a notice of appeal.

---

* Adding to Prison Law (Consol. Laws, chap. 43; Laws of 1909, chap. 47), § 249.— [REP.

*George B. Class,* for the appellant.

*Willard S. Allen* of counsel [*Terence Farley* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

PAGE, J.:

The attorney for the relator presented to the clerk of the Municipal Court in the third district a notice of appeal to the Appellate Term from a judgment of that court. The clerk returned the same to plaintiff's attorney with a statement that he refused to file the same on the ground that the time to appeal had expired, the facts being that a judgment was rendered by the justice of said court for the defendant on the eighth day of February. The attorney for the relator called the attention of the justice to the fact that the judgment in that form would be deemed to be a judgment on the facts, whereas the complaint had been dismissed upon a purely legal question. The justice thereupon wrote to plaintiff's attorney that the judgment had been entered in that form through inadvertence and that he would order the same corrected. Thereafter, on the 8th day of March, 1918, the judgment was amended by the justice to read: " Judgment for defendant, on the case as shown by plaintiff's proof." Thereupon, on the 22d day of March, 1918, the notice of appeal, regular in form upon the face thereof entitled in an action in the said court and specifying the judgment and amended judgment addressed to the clerk of the court and the respondent, was tendered to the clerk for filing and the clerk refused to receive the same, on the ground that the time for taking the appeal had expired. Whether the time for taking the appeal ran from the date of the original judgment or, under the circumstances of this case, from the date of the entry of the amended judgment presents a nice question for judicial determination. The clerk of the Municipal Court is merely a ministerial officer and is not vested with any judicial functions, although these clerks have attempted in several instances to exercise judicial power. (See *Matter of North American Mercantile Agency Co.,* 124 App. Div. 657; *People ex rel. Immerman* v. *Devlin,* 63 Misc. Rep. 363; *Daniel* v. *Brooklyn Heights R. R. Co.,* 80 id. 208.)

It was the duty of the clerk to have received the notice of appeal and file the same. The determination of the question whether the appeal was properly taken was in the province of the Appellate Term on motion to dismiss the appeal.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the writ of mandamus granted, with fifty dollars costs to the relator.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs.