SEBRING, Justice.-
This is an appeal from an order of the Circuit Court for Duval County quashing an alternative writ of mandamus and dismissing the petition filed by appellant against the appellee as recorder of the City of Jacksonville.
The appellant was arrested by a policeman of the City of Jacksonville, Florida, on November 28, 1953, and charged with disorderly condu'ct, reckless operation of a motor vehicle, and reckless operation of a motor vehicle while under the influence of intoxicating liquors, in violation of the ordinances of the city. The appellant was tried on said charges in the 'Municipal Court of the City of Jacksonville, and, on Decembér 4, 1953, was found guilty as to each charge and sentenced' to pay a fine. The appellant paid his' fine on the day of the imposition of sentence but three days later filed á motion for' new trial. When the motion for new trial was brought on for hearing, the judge of the municipal court *906 granted the motion and ordered that a new trial be held on December 15, 1953.
The new trial was held on the day ordered and after evidence had been submitted the court found and adjudicated that the appellant was not guilty of the charges that had been lodged against him. Upon this finding and adjudication, the court entered an order discharging the appellant from custody and in said order quashed the order of conviction of December 4, 1953; ordered the proper disbursing officer of the City of Jacksonville to return to the appellant the sum of $150 paid by the appellant to the city recorder on December 4, 1953, in satisfaction of the fines imposed under said conviction; and ordered the city recorder, as clerk of said municipal court, to note upon the docket sheet of said municipal court that the convictions of December 4, 1953, were reversed, quashed and of no effect. The recorder refused to record the order on the stated ground that he was acting on advice of the city attorney of the City of Jacksonville.
After the refusal of the city recorder to obey the order of the municipal judge the appellant brought the present mandamus proceeding in the Circuit Court for Duval County to require the city recorder to comply with the order of the municipal judge or show causé for his failure to do so. Thé city recorder filed a motion to quash the writ and dismiss the action, upon the grounds, in substance, (1) that the sentences imposed pursuant to the judgments of conviction of appellant entered on December 4, 1953, were fully paid and satisfied by the appellant prior to the time he filed his motion for new trial and that consequently the municipal judge had no jurisdiction to order a retrial of the cause, or, on retrial, to order the release and discharge of the appellant and the quashal pf'the prior judgment of conviction; (2) that the duties of the city recorder, with respect to keeping the docket .of the municipal court, are prescribed, by section 3, Article X, Chapter 3775, Laws of Florida 1887, and that no provision or requirement js contained therein for the entry in the court docket of the orders made by the municipal judge subsequent to the judgment of December 4, 1953 ; and (3) that the appellant has failed to show a clear legal right to the relief sought or that the appellee was under a clear legal duty to perform the act requested.
This appeal is from the order of the circuit court granting the motion to quash and dismissing the cause of action.
The municipal charter of the City of Jacksonville, Chapter 3775, Laws of Florida, Acts of 1887, Article IX, section 1, provides for the office of city recorder and states that "It shall be the duty of the Recorder * * * to act as Clerk of the City Court." (Emphasis supplied.) It is further provided that “The Recorder shall keep a docket upon which shall be entered all causes tried in said court; ' said docket shall show by appropriate entries thereon the style of the cause, the nature of the offense, the judgment of the court, the amount of fines and costs, the satisfaction of the judgment * * Section 3, Article X, of Chapter 3775, supra.
Manifestly, the latter clause quoted above simply indicates the essential requirements for the proper execution of one of the duties of the clerk, .the keeping of a docket, and even in that respect does not purport to be so comprehensive in terms as to exclude all other entries; and neither that clause nor any other section of the charter law appears to constitute a limitation upon the first quoted provision that requires the recorder to act generally as clerk of the city court. Accordingly, it follows that under the law creating his office the recorder stands in the usual position of a clerk who acts as recording officer in the operation of a court.
The settled law in respect to -such officers is that the making or keeping of court records is a purely ministerial duty, and that in the performance of the duty such officers have no power to pass upon or contest the validity of any act of, the court for which they act as clerk which purports to have been done in the performance of its judicial function. State *907 ex rel. Tolls v. Tolls, 160 Or. 317, 85 P.2d 366, 119 A.L.R. 1370; Stanton v. Arkansas Democrat Co., 194 Ark. 135, 106 S.W.2d 584; People ex rel. Trost v. Bird, 184 App.Div. 779, 172 N.Y.S. 412, 10 Am.jur., Clerks of the Court, Sec. 14, 1954 Cum.Supp. As stated in Newport v. Culbreath, 120 Fla. 152, 162 So. 340, 341:
“Whatever may he the merits of the controversy involved, as set forth in the pleadings and briefs, and attempted to be presented to this court for final decision by means of a mandamus against the clerk of the circuit court, this court cannot ignore the obvious, fact, apparent on the face of the record, that the clerk of the circuit court, being possessed of neither judicial duty nor judicial power to decide [whether the proceeding in question is] within the judicial jurisdiction and competency of the circuit court to decide, is likewise without right to defend against the mandamus sought herein on the ground that the circuit court was without jurisdiction of the subject-matter [involved].”
Therefore, while it may be true, though we do not so hold, that by virtue of an ordinance prohibiting- the- -reopening' of cases after adjournment in the municipal court (Section 2-34, Jacksonville Ordinance -Code of 1953), or for other reasons, the orders granting new trial and quashing the conviction herein may have been improperly rendered, that fact cannot avail the appellee in this proceeding, but is a matter to be availed of only by the City .in proper proceedings.
By the terms of the charter provision above cited the city recorder is required to record “the judgment of the court” in all cases; and this, in our opinion, necessarily includes any amendments to judgment, or judgments rendered anew in the cause, whether validly rendered or not. Certainly, in view of the effect, on their face, of the orders here involved the appellant, as defendant in the prosecution in the municipal court, has a compelling interest in having the record reflect the entry of the ultimate judgment in the cause; and any contention that by payment of the fine originally imposed the defendant lost' all interest in the matter appears to be ’ simply an attempt by the respondent to pre- • s.ent, circuitously, an issue as to the legal validity of the judicial action taken by the court subsequent to such payment.
From the conclusions we have reached, we have the view that the judgment appealed from should be reversed with directions that the cause, below proceed in accordance with law.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.