**L. H. WAGENER, INC., and Security Trust and Savings Bank, a corporation, Plaintiffs and Appellees,**

v.

**WILLIAM CLAIRMONT, INC., Defendant and Appellant,**

**Tasco, Inc., Defendant,**

**National Surety Corporation, Defendant and Appellant,**

**and**

**Ardell Smith, Defendant.**

**Civ. No. 8925.**

Supreme Court of North Dakota.

Oct. 1, 1973.

Rehearing Denied Oct. 23, 1973.

Rausch & Chapman, Bismarck, for defendants and appellants.

Burke, Hodny & Burke, Grafton, for plaintiffs and appellees.

TEIGEN, Justice.

This is a motion to dismiss an appeal from part of a judgment. The appeal was taken by two of the four defendants, namely, William Clairmont, Inc. (hereinafter Clairmont) and National Surety Corporation, from that portion of the judgment adverse to them. The two defendants, Ardell Smith and Tasco, Inc., have not appealed although it appears that the judgment is also adverse to them.

The procedural situation appears as follows:

The judgment was entered on February 24, 1972. From the proofs submitted in support of this motion it appears that the judgment, in substance, adjudicates various claims in favor of the respective plaintiffs against the respective defendants as follows:

1. In favor of the plaintiff, L. H. Wagener, Inc. (hereinafter Wagener), adjudging ownership in Wagener of an 80-D Northwest dragline (the proofs submitted on this motion do not indicate against which defendant or defendants this award is made);

2. In favor of the plaintiff Wagener against the defendants Smith and Tasco, Inc., for $62,385.00;

3. In favor of the plaintiff Security Trust and Savings Bank against the defendants Clairmont and National Surety Corporation, for $26,233.15;

4. In favor of the plaintiff Security Trust and Savings Bank against the defendants Smith and Tasco, Inc., for $14,106.03;

5. In favor of both plaintiffs against the defendants Clairmont and National Surety Corporation, costs in the amount of $127.00.

On May 23, 1972, the ninetieth day after entry of judgment, being the last day allowable under the statutes for appeal, the defendants Clairmont and National Surety Corporation served upon the plaintiffs a notice of appeal. However no specifications of error were served with the notice of appeal. The effect of a failure to serve and file specifications of error when required was to limit the review to the face of the judgment roll. Parker Hotel Company v. City of Grand Forks, 177 N.W.2d 764 (N.D.1970). A trial de novo was not available as the statute on appeals from a judgment in an action tried to the court without a jury, providing for trial de novo, was repealed effective July 1, 1971 (Ch. 311, S.L.1971).

Further, it appears that the appellants did not obtain a transcript of the evidence adduced at the trial within thirty days, as required by Section 28-18-06, N.D.C.C., nor did they obtain from the trial court an extension of time in which to obtain the transcript.

Further, a settled statement of the case was not obtained until March 5, 1973, although an attempt had been made on two occasions to obtain a stipulation for a settlement of the statement of the case, one on September 29, 1972, and the other on January 5, 1973. Although no extension of time was obtained to settle the statement of the case, the entry of the order by the trial court on March 5, 1973, settling the statement of the case operated to extend the time for settlement. Muhlhauser v. Becker, 76 N.D. 402, 37 N.W.2d 352 (1949). We have held that the trial court's order settling the statement of the case after the time has expired will not be reversed on appeal in such case except for an abuse of discretion. Schriock v. Schriock, 128 N.W.2d 852 (N.D.1964).

Although no specifications of error were served with the notice of appeal, as required by Section 28-18-09, N.D.C.C., the appellants belatedly served specifications of error on February 6, 1973, almost eight and one-half months late. However it appears, apparently over the objection of the appellees, that the trial court included specifications of error in its order settling the statement of the case.

The record on appeal has not been transmitted to this court and is not before us. The procedural facts set forth in this opinion were gleaned from the parties' moving papers on this motion. The motion to dismiss the appeal is grounded on delay in the prosecution of the appeal and was filed in this court on June 25, 1973. It was noticed for hearing on September 5, 1973. At the time the motion was heard the appellants' briefs had not been served and the record had not been transmitted to this court, nor had the order settling the statement of the case been filed in the office of the clerk of the district court. At the time the motion was heard more than fifteen months had passed since the notice of appeal was served and filed and more than one and one-half years had passed since the entry of judgment. The appellees contend that they have been prejudiced by this delay.

The appellants, Clairmont and National Surety Corporation, in their return to the motion for dismissal of the appeal, resist the motion on the following grounds:

1. That the litigation is a complex matter in that the appellants' liability to the plaintiffs arose out of a contractual relationship between the appellant Clairmont and the defendant Smith, doing business as Tasco, Inc. Smith was deemed a subcontractor of Clairmont by the trial court and, as principal contractor on the project in question, Clairmont was held liable to the plaintiffs for Smith's defaults; that separate litigation is presently pending between Clairmont and Smith. Counsel for the appellants advised, on oral argument, that this matter is being negotiated toward settlement and if settlement is made the plaintiffs' awards under this judgment will be paid;

2. That although a transcript of the evidence was not timely ordered, a copy thereof was furnished to the appellees in August 1972; that thereafter the appellants attempted, on two occasions, to stipulate for a settlement of the statement of the case but their efforts were rejected and, therefore, on March 5, 1973, after a hearing, the trial court settled the statement;

3. That on numerous occasions the attorney for the appellants consulted with the attorney for Smith, doing business as Tasco, Inc., in regard to a "three-way settlement of this case" and that the attorney for Smith indicated to the attorney for Clairmont that he had to review the file in order to determine if a settlement could be agreed upon but that no agreement has been reached to date; that because of these negotiations this appeal was not prosecuted and after the last attempt at settlement, which was rejected on May 22, 1973, it was not possible to complete this appeal for calendaring on the June 1973 term of this court.

The appellees, who are the movants here and the plaintiffs in the trial below, have brought this motion for dismissal under the new North Dakota Rules of Appellate Procedure which became effective March 1, 1973. The appellants, who are resisting this motion for dismissal, have asked that we apply the statutes and Rules of Appellate Procedure in effect prior to March 1, 1973. Rule 49 of the new North Dakota Rules of Appellate Procedure, hereinafter cited as N.D.R.App.P., provides as follows:

"(a) Effective Date and Application. These rules shall take effect on March 1, 1973. They shall govern all proceedings and actions brought after they take effect, and all further proceedings in actions then pending, except to the extent that, in the opinion of the supreme court, their application in a particular action pending when the rules take effect would not be feasible, or would work an injustice, in which event the previous procedure shall apply."

Rule 11, N.D.R.App.P., requires that the record on appeal be transmitted to the supreme court within forty days after the filing of the notice of appeal unless the time is extended. There has been no extension here and more than forty days expired aft-

er the rules became effective on March 1, 1973, and the date the motion for dismissal was made on June 5, 1973.

■ Rule 12(c), N.D.R.App.P., provides as follows:

"If the appellant shall fail to cause timely transmission of the record or to pay the docket fee if a docket fee is required, any appellee may file a motion in the supreme court to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the trial court showing the date and substance of the judgment or order from which the appeal was taken, the date on which the notice of appeal was filed, the expiration date of any order extending the time for transmitting the record, and by proof of service. The appellant may respond within 14 days of such service. The clerk of the supreme court shall docket the appeal for the purpose of permitting the court to entertain the motion without requiring payment of the docket fee, but the appellant shall not be permitted to respond without payment of the fee unless he is otherwise exempt therefrom."

The appellants paid the docket fee on August 31, 1973, and thus became eligible to respond to the motion.

■ In view of the appellants' request that we apply the statutes and the old Rules of Appellate Procedure and the further fact that the procedure on appeal followed to date by the appellants has been under the statutes and the old Rules of Appellate Procedure, we do not feel that it would be feasible to apply the new rules in this instance. Therefore we will apply the Rules of Appellate Procedure as they existed prior to the promulgation of the N.D.R.App.P.

■ Under the statutes and the Rules of Appellate Procedure previously in effect an appeal in a civil case was deemed per-

fected upon the service and filing of a notice of appeal and undertaking for costs. Section 28–27–05, N.D.C.C. We have not been advised whether an undertaking for costs was served and filed with the notice of appeal but no objection having been made on that basis we assume that such undertaking was served and filed.

When an appeal from a judgment is perfected the clerk of court, at the expense of the appellant, shall transmit to the supreme court the judgment roll and the original notice of appeal and undertaking given thereon, but if the appellant, within thirty days after his appeal has been perfected, does not cause a proper record in the case to be transmitted, the respondent may cause such record to be transmitted by the clerk of the district court to the clerk of the supreme court and, in such case, the respondent may recover the expense thereof as costs if the judgment appealed from is affirmed in whole or in part. Section 28–27–06, N.D.C.C., and Rule 21 of the old Rules of Appellate Procedure.

The judgment roll consisted of the moving papers, the verdict or decision of the court, the statement of the case, and all orders and papers in any way involving the merits and necessarily affecting the judgment. Section 28–20–12, N.D.C.C.

Rule 7 of the old Rules of Appellate Procedure on appeal provided, in substance, that upon perfecting his appeal to the supreme court the appellant would prepare his brief and serve and file the same with the clerk before or at the time the record of the case was transmitted to the supreme court. It also provided that if the appellant did not comply with this rule it subjected the appeal to dismissal unless this court, for sufficient cause, should order otherwise.

Rule 13 provided, in substance, that if the appellant failed or neglected to serve and file the record or his brief, as required, the appellee (referred to as respon-

dent under the old rules) could apply to the court for affirmance or dismissal of the cause as the case may be.

Rule 31, as it previously existed, in substance provided that a failure to comply with any of the requirements of the rules within the time or in the manner provided constituted grounds for dismissal of the appeal, for affirmance, or for the imposition of terms as the case might demand.

■ In considering this motion the court is confronted with the obvious fact that appeals on the merits are favored and that, although it is within our complete discretion, the court should favor appeals. It is also correct that there is no inherent right to an appeal but only that granted by statute. Obrigewitch v. Obrigewitch, 171 N.W.2d 130 (N.D.1969).

■ On the basis of the record, consisting of the motion and supporting papers and the papers in resistance to the motion, we fail to see how the appellants have excused their failure to comply with the requirements of the statutes and rules alluded to above within the time or in the manner provided to prosecute the appeal. The appellants waited until the last day allowable to take the appeal. They then failed to timely serve and file specifications of error, failed to order a transcript within the required time, failed to obtain an extension of time in which to obtain a transcript or to settle the statement of the case, failed to prepare, serve and file their brief, failed to pay the filing fee for transmittal of the record to the supreme court, failed to cause a transmittal of the record to the supreme court, and, further, after they had been served with a motion and notice of motion for dismissal, have taken no steps to complete the appeal. A period of more than fifteen months has passed since the notice of appeal was served and filed and the date of the hearing on this motion. No excuse is given. We find that the three grounds stated do not excuse them. It appears that the appeal may have been taken for the purpose of effecting a delay in the execution of the judgment in order to bide time in which to effect a settlement of litigation pending between the appellants in this case and Smith, doing business as Tasco, Inc., which is referred to in the resistance to the motion as a "three-way settlement of this case." Furthermore, the appellees' contention that they are prejudiced we believe has merit in that a judgment draws interest at the legal rate of four percent per annum, whereas we take judicial notice that the prevailing interest rates in this present day are substantially higher.

In applying the old Rules of Appellate Procedure as requested by the appellants, we are not unmindful of our decision in Johanson v. Nash Finch Company, Civil No. 8914, 212 N.W.2d 372 (N.D.1973), which case contains the following cautionary note:

> "Under the new procedure, a dismissal for failure to cause a timely transmission of the record is specifically provided for. Rule 12(c), N.D.R.App.P. In the future, similar delays will, we advise the Bar of North Dakota, very likely result in dismissals pursuant to Rule 12(c)."

*Johanson,* however, has not yet been published and therefore has not served the purpose intended by the above quote.

We are of the opinion that the facts furnish no valid reason why the motion to dismiss the appeal should not be granted.

The appeal is ordered dismissed and costs are allowed pursuant to Rule 39(a), N.D.R.App.P.

ERICKSTAD, C. J., and KNUDSON, PAULSON and VOGEL, JJ., concur.