Helen WEICHEL and Betty Brendel, Plaintiffs,

v.

Curtis B. HANSEN, Defendant.

No. 9017.

Supreme Court of North Dakota.

June 4, 1974.

Curtis B. Hansen, Bismarck, pro se.

Thomas F. Kelsch, State's Atty., and Thomas B. Tudor, Asst. State's Atty., Bismarck, for Thora Dennis, Clerk of the District Court of Burleigh County.

KNUDSON, Judge.

Curtis Hansen applied to this court for a supervisory writ to require the clerk of the district court of Burleigh County to accept and file Hansen's notice of appeal to the supreme court from a judgment of the district court. Hansen had appealed to the district court an unfavorable judgment rendered in the small claims court. The district court had affirmed the judgment of the small claims court. Hansen sought to appeal to the supreme court the judgment of the district court affirming the judgment of the small claims court by presenting the notice of appeal for filing, within the statutory time limit, to the clerk of the district court. The clerk of the district court refused to accept the notice of appeal for filing on the ground that under the Small Claims Court Act no appeal was available from the decision or judgment of the district court upon appeal from a judgment of the small claims court. Section 27–08.1–06, North Dakota Century Code. Thereupon Hansen applied to this court, invoking its original jurisdiction for the exercise of its superintending control, and an order to show cause was issued directed to the clerk of the district court requiring her to show cause why she should not be ordered to accept for filing the notice of appeal to the supreme court.

Hansen contends that the clerk of court is without power to determine the sufficiency of a notice of appeal which is tendered to that office for filing.

The sole issue before us for determination is whether this is a proper case for the exercise by the supreme court of its superintending control over inferior courts.

The superintending control over inferior courts by the supreme court is set forth in Section 86 of the North Dakota Constitution, the pertinent part reading:

"The supreme court . . . shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

The supreme court is authorized to issue such original and remedial writs as are necessary to the proper exercise of such superintending control by § 27–02–04, N.D.C.C., which reads, in part:

"The supreme court . . . in its superintending control over inferior courts, may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction. Such court shall exercise its original jurisdiction . . . in such cases of strictly public concern as involve questions affecting the sovereign rights of this state or its franchises or privileges."

The statute, § 27–02–04, N.D.C.C., does not limit or restrict the power of the supreme court of its superintending control over inferior courts. On the contrary, it places the entire responsibility for the proper exercise of superintending jurisdiction in the supreme court, for the statute says, "and in its superintending control over inferior courts it may issue such original and remedial writs as are necessary for the proper exercise of such jurisdiction." It is for the court, then, to determine when a proper case is presented for the exercise of its superintending control. State v. Broderick, 75 N.D. 340, 27 N.W.2d 849 (N.D.1947).

■ The superintending control is a separate and independent jurisdiction which enables and requires this court in a proper case to control the course of ordinary litigation in inferior courts so as to prevent injustice in cases *where there is no appeal* or the remedy by appeal is inadequate. State ex rel. Lemke v. District Court of Stutsman County, 49 N.D. 27, 186 N.W. 381 (1921).

It may be said that in this case that the invoking of the jurisdiction of the supreme court to exercise its superintending control may be appropriate because no appeal lies from a judgment of the district court affirming or reversing a judgment of the small claims court, and, therefore, Mr. Hansen is without relief under the ordi-

nary appellate procedure. In such a case it seems that the superintending control of this court may be invoked to review the action of the clerk of the district court in declining to accept and file the notice of appeal, as coming within the function of this court *to control the course of litigation* in the inferior courts.

In State v. Broderick, 75 N.D. 340, 27 N.W.2d 849, 858, we said:

"The power of superintending control is a separate and independent jurisdiction which enables and requires this court in a proper case to control the course of ordinary litigation in a district court so as to prevent injustice in cases where there is no appeal or the remedy by appeal is inadequate. State ex rel. Lemke v. District Court of Stutsman County, 49 N.D. 27, 186 N.W. 381; State v. First State Bank of Jud, 52 N.D. 231, 258, 259, 202 N.W. 391."

However, we need not decide whether the action of the clerk of the district court comes within the function of this court in its supervisory power over inferior courts for the reason that no exigency exists, and there exists an adequate remedy in the district court by a proceeding in mandamus (Ch. 32–34, N.D.C.C.) seeking a judgment of the district court directing the clerk of the district court to receive and file the notice of appeal.

■ In Gill v. Gill, 211 N.W.2d 374 (N.D.1973), in syllabus 4, we said:

"The superintending control of the Supreme Court over lower courts is not used unless an emergency exists and there is no other adequate means of correcting the claimed error."

■ We are of the opinion that Hansen has an adequate remedy in the district court by a proceeding in mandamus to determine the question of the discretion of the clerk of the district court to pass on the eligibility of the notice of appeal for filing.

In Graves v. General Insurance Corporation, 381 F.2d 517 (10th Cir. 1967), the court of appeals held that it was not the function of the clerk to pass on the sufficiency of the notice of appeal which is tendered to him for filing under Federal Rules of Civil Procedure Rule 73, 28 U.S.C.A., now Rule 3(a), Federal Rules of Appellate Procedure, which is the same as Rule 3(a), North Dakota Rules of Appellate Procedure, and the court there directed the clerk to receive and file the notice of appeal as of the date that it was first tendered to him for filing.

In Ingalls v. Bakken, 167 N.W.2d 516 (N.D.1969), this court held, at syllabus 1:

"When an application for exercise of superintending control is presented under Section 86, North Dakota Constitution, the Supreme Court must determine whether the facts present a proper case for the exercise of its superintending control."

We hold that this is not a proper case for this court to exercise its power of superintending control.

ERICKSTAD, C. J., and PAULSON, TEIGEN and VOGEL, JJ., concur.