Curtis B. HANSEN, Petitioner and Appellant,

v.

Thora DENNIS, Clerk of the District Court of Burleigh County, Respondent and Appellee.

Civ. No. 9101.

Supreme Court of North Dakota.

July 10, 1975.

Rehearing Denied July 30, 1975.

Curtis B. Hansen, pro se.

Maury C. Thompson, Sp. Asst. State's Atty., Bismarck, for respondent and appellee.

ERICKSTAD, Chief Justice.

Helen Weichel and Betty Brendel filed a claim against Curtis B. Hansen in the Small Claims Court of Burleigh County. To this complaint, Mr. Hansen filed an answer and following a hearing before the County Court with Increased Jurisdiction of Burleigh County, the court found that Weichel and Brendel were entitled to a judgment against Hansen and ordered the judgment accordingly. From the judgment rendered thereon, Hansen appealed to the District Court of Burleigh County, which court af-

firmed the county court judgment. Hansen then attempted to file his notice of appeal with the Clerk of the District Court of Burleigh County, but the clerk on advice of the State's Attorney declined to accept the notice of appeal and the undertaking upon the ground that no appeal was available as indicated by Section 27–08.1–06, N.D.C.C.

The pertinent part of that statute reads: " * * * There shall be no appeal available to either party from the decision of the district court upon appeal from the small claims court or from entry of judgment in the district court pursuant to this section."

When the clerk refused to accept the notice of appeal and the undertaking for filing, Hansen sought a supervisory writ from this court.

This court in *Weichel and Brendel v. Hansen,* 219 N.W.2d 118 (N.D.1974), denied Hansen's application for a supervisory writ suggesting that he had an adequate remedy through mandamus proceedings in the district court.

Thereafter Hansen sought a writ of mandamus in the District Court of Burleigh County. The district court denied his writ of mandamus, and it is from the order denying his writ that Hansen appeals to this court.

In his brief on appeal, he asserts the following issues:

"Is it within the administrative duties of the clerk of the district court to determine whether or not an appeal is proper?

"When a Notice of Appeal is properly and timely proffered to the clerk of the district court in accordance with the North Dakota Rules of Appellate Procedure, can the clerk of the district court refuse, reject and/or by the clerk's own initiative fail to process and transmit the record on appeal?"

Contending that the clerk of the district court exceeded her authority in declining to file the original notice of appeal and undertaking, he asks that this court order the

district court to require the clerk of the district court to receive, file, and transmit the original notice of appeal and undertaking to the clerk of this court. He further asks that costs be assessed against the clerk of the district court in the amount of $300 so that he may be compensated for the cost of the filing fees in the two cases in this court and for his expenses in conjunction with his appearances and appeals.

The pertinent part of his brief on this issue follows:

"As has been stated in Corpus Juris and cited with approval, it is the official duty of a clerk of a court to file all of the papers in a cause presented by the parties, and to mark them 'Filed', with the date of filing, (*Ga.-Brinson v. Georgia Railroad Bank and Trust Co.,* 165 S.E. 321, 322, 45 Ga.App. 459, citing Corpus Juris.). The clerk of the court has nothing to do with the character, purpose, or merits of papers which are tendered to him, [*U.S.–In re Halladjian,* C.C.Mass. (1st Cir.), 174 F. 834—*U. S. v. Bell C. C. Pa.* (3rd Cir.), 127 F. 1002, affirmed 135 F. 336, 68 C.C.A. 144], his duty is merely to file them, (N.Y.–*People ex rel. Trost v. Bird,* 172 N.Y.S. 412, 184 App.Div. 779.).

"The North Dakota Supreme Court in its opinion (Re: No. 9017) (see Exhibit 'A', page # 4) cited *Graves v. General Insurance Corporation,* 381 F.2d 517 (10th Cir. 1967), stating 'In *Graves v. General Insurance Corporation,* 381 F.2d 517 (10th Cir. 1967), the court of appeals held that it was not the function of the clerk to pass on the sufficiency of the notice of appeal which is tendered to him for filing under Federal Rules of Civil Procedure Rule 73, 28 U.S.C.A., now Rule 3(a), Federal Rules of Civil Procedure, which is the same as Rule 3(a), North Dakota Rules of Appellate Procedure, and the court there directed the clerk to receive and file the notice of appeal as of the date that it was first tendered to him for filing."

In *Graves,* the clerk of court for the Tenth Circuit declined to accept a notice of appeal from a judgment of the United States District Court for the District of New Mexico although the notice was correctly captioned, showing the name of the district court and the style of the case as it appeared on the docket, because the text of the notice erroneously recited that the appeal was taken to the Supreme Court of the State of New Mexico instead of the United States Court of Appeals for the Tenth Circuit.

Graves' counsel prepared a corrected notice of appeal but, due to fortuitous circumstances, it was not received by the clerk of the district court until after the expiration of the time in which an appeal may be taken.

In concluding that the clerk should have filed the notice of appeal, the court of appeals said:

"Of course, the Clerk of the District Court was trying to be helpful when he returned to Graves' counsel the first notice of appeal and pointed out the obvious inadvertence in naming the court to which the appeal was taken. But it is not the function of the clerk of a district court to pass on the sufficiency of a notice of appeal which is tendered to him for filing. The sufficiency of such a notice may be challenged in the Court of Appeals by the appellee's motion to dismiss; or the appellate court itself, with or without motion, may dismiss for lack of jurisdiction, if it considers the notice of appeal fatally defective." *Citation omitted.*

*Graves v. General Insurance Corporation,* 381 F.2d 517 at 518 (10th Cir. 1967).

■ *Graves* and this case are distinguishable in that in the instant case the clerk was not passing on the sufficiency of the notice but was actually saying that there is no appeal no matter how the notice of appeal is worded. We believe that Section 27–08.1–06, N.D.C.C., supports her in that view and inasmuch as we have often said that the right to appeal is statutory, *Wagner v. Clairmont,* 211 N.W.2d 751, 756 (N.D.

1973), there is no appeal from the judgment of the district court in a small-claims-court matter.

■ We need not decide whether it was within the clerk's power to make that determination for the reason that we agree with her in her conclusion that no appeal may be taken from a judgment of the district court in an appeal from a judgment of the small claims court.

■ If it were to be contended that in so holding we have denied Hansen his day in court on the issue of the constitutionality of Section 27–08.1–06, N.D.C.C., it should be noted that the unconstitutionality of Section 27–08.1–06, N.D.C.C., has not been asserted on this appeal and thus is not properly before us.

Notwithstanding that fact, let us consider what the constitutional argument might be if it were raised. From the contention made previously on the application for a supervisory writ requiring the clerk to file the notice of appeal, it appears that Hansen contends that the plaintiff had a choice in filing the claim or bringing the action in the small claims court whereas he as a defendant had no choice and thus was discriminated against. His previous brief on this issue with this court cited no case law to support his position.

■ As we have said on numerous occasions, it is only invidious discrimination that violates the equal protection clause of either the United States Constitution or the North Dakota Constitution. See *State v. Gamble Skogmo Inc.,* 144 N.W.2d 749 (N.D. 1966); *Signal Oil and Gas Company v. Williams County,* 206 N.W.2d 75 (N.D.1973); *Snyder's Drug Store Inc. v. North Dakota State Board of Pharmacy,* 219 N.W.2d 140 (N.D.1974).

■ In so holding, we take judicial notice of the fact that the work of this court is increasing not only in volume but also in complexity. If we are to do justice to the cases that are appealed to us within the provisions of the laws passed by our State Legislature, we must have time to devote to them. We draw attention to the fact that the jurisdiction of the small claims court is "confined to cases for recovery of money, or the cancellation of any agreement involving material fraud, deception, misrepresentation, or false promise, where the value of the agreement or the amount claimed by the plaintiff or the defendant does not exceed two hundred dollars." See Section 27–08.1–01, N.D.C.C.

We do not find the discrimination complained of to be invidious, and accordingly we hold that Section 27–08.1–06, N.D.C.C., is not unconstitutional.

Accordingly, the order denying the alternative writ of mandamus is affirmed and the assessment of costs is denied.

PAULSON, J., concurs.

SAND, J., deeming himself disqualified did not participate.

VOGEL, Judge (concurring in part and dissenting in part).

I concur in the result.

I cannot concur in Syllabus ¶ 3 or that portion of the opinion supporting it. I decline to rule or comment on a constitutional question which has been neither briefed nor argued nor adequately preserved on appeal.

I believe the only issue before us is the propriety of the order denying a writ of mandamus. In the absence of any constitutional question, the trial court was clearly correct in denying the writ, for reasons stated in the majority opinion.

The absence of a constitutional question is due entirely to the failure of the appellant to preserve his constitutional question, if he had one.

PEDERSON, Judge (dissenting).

I dissent.

The majority opinion is correct in stating that the right to appeal is statutory. How-

ever, many of the issues that are presented to this court require a judicial determination as to whether or not a particular issue is actually appealable. The right to a determination of the constitutionality of a statute is not statutory and the right to have that determination made by the Supreme Court is not statutory. In such instances, we do not ask that the clerk of the district court make a decision on appealability. The instant case is no exception.

Although this court has stated that no right of appeal is conferred by the Constitution, *Reub's Minot Camera, Inc. v. General Elec. Cr. Corp.,* 201 N.W.2d 877 (N.D.1972), the State Constitution contains guarantees of due process and the equal protection of the laws (N.D.Constitution, §§ 11, 13).

The majority opinion states that only invidious discrimination renders a legislative enactment unconstitutional and that § 27–08.1–06, N.D.C.C., does not so discriminate. However, any statute that denies a defendant any choice of a forum before his rights have been determined may well result in invidious discrimination. In *State v. Watland,* 51 N.D. 710, 201 N.W. 680 (1924), at syllabus 5, this court said that "the Legislature may not indirectly deprive a party of due process or equal protection of the laws by imposing such conditions upon the right to appeal to the courts as to intimidate the person affected from exercising such right * * *."

The 1975 North Dakota Legislature sought to insure the defendant in a small claims action of a choice of forum by allowing removal to the district court. The excerpt from § 27–08.1–06, N.D.C.C., cited in the majority opinion, no longer appears in the 1975 amendment to the statute. Rather, the Legislature has provided the following:

"27–08.1–04. *Election to proceed in small claims court irrevocable.*—Election by the plaintiff to use the procedures provided for in this chapter shall be irrevocable. In the event the plaintiff elects to discontinue the proceedings, the court shall enter its order accordingly, and unless otherwise provided in the order such dismissal shall be deemed to be with prejudice. By election to proceed in small claims court, the plaintiff waives his right to appeal to any other court from the decision of the small claims court. The defendant waives his right to appeal from the decision of the small claims court upon receiving his order for appearance as required herein, unless he elects to remove the action from the small claims court to a court which would have jurisdiction over said matter in the absence of the small claims court by filing with the small claims court and serving upon the plaintiff a notice of such removal, and filing with the clerk of the court to which said action is removed a copy of the claim affidavit and the defendant's answer thereto along with the filing fee required for civil actions in said court, not later than forty-eight hours before the hearing set for the appearance of the defendant." Section 27–08.1–04, 1975 Session Laws.

From the language of the amendment, it is clear that after July 1, 1975, a defendant may select a forum that guarantees appellate review.

Notwithstanding the fact that the issue of the constitutionality of § 27–08.1–06, N.D.C.C., is not properly before us on this appeal, the majority opinion volunteers to decide the issue. In the past this court has stated that it would not give advisory opinions, *Wiederanders v. Wiederanders,* 187 N.W.2d 74 (N.D.1971), and that questions extraneous to the decision need not be, and will not be, considered. *Stockmen's Ins. Agcy, Inc. v. Guarantee Res. L. Ins. Co.,* 217 N.W.2d 455 (N.D.1974).

Yet, for the sake of expediency, Hansen's constitutional rights to due process and equal protection of the laws are extinguished without even allowing him the opportunity to be heard on the issue.

In his original appeal to this court, Hansen did raise a question as to the constitu-

tionality of § 27–08.1–06, N.D.C.C. However, that appeal has been completely frustrated by the refusal of the clerk of the district court to file the notice of appeal. Until we see the record of the first appeal, there is no way for us to rule whether or not a constitutional question is before us.

I would reverse the trial court, require the original appeal to be filed and certified to us, and, once and for all, rule on the constitutional question if properly raised in that proceeding. To do otherwise would be a travesty of justice.