Lena **OBRIGEWITCH, Plaintiff
and Appellant,**

v.

Pius **OBRIGEWITCH, Defendant
and Respondent.**

Civ. No. 8557.

Supreme Court of North Dakota.

Sept. 23, 1969.

Floyd B. Sperry, Bismarck, and Freed, Dynes & Malloy, Dickinson, for plaintiff and appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and respondent.

TEIGEN, Chief Justice.

This is a motion to dismiss two appeals from orders entered in contempt proceedings after judgment for divorce and property division. The motion is based on the ground of lack of prosecution.

The procedural situation appears as follows: A decree of divorce in favor of the plaintiff was entered on November 7, 1961. The decree provided, in addition to granting the plaintiff a divorce, a property division and a $25,000 money settlement in lieu of alimony, support and maintenance of the wife. In August 1965 the plaintiff obtained an order to show cause directed to the defendant to show cause, if any he had, why he should not be held in contempt of court for failure to comply with some of the provisions of the decree relating to the division of personal property. The hearing was held on August 12, 1965, and on August 16, 1965, the court entered its order finding

the defendant was not in contempt. It further found a question of fact existed which could not be readily determined by the court relative to some of the personal property and directed that the plaintiff be present at the defendant's home on August 22, 1965, at which time the defendant should also be present, and that both parties then, in the presence of a deputy sheriff who was to act as referee, should ascertain what property of the plaintiff remained at the defendant's home and arrange for removing the same from the defendant's premises. The plaintiff appealed and served a notice of appeal and undertaking for costs on September 21, 1965. Apparently the plaintiff failed to appear at the defendant's home on August 22, 1965, as directed, and prior to the time that the above appeal was taken the defendant obtained from the court an order to show cause returnable on September 21, 1965, directing the plaintiff to show cause, if any she had, why she should not be held in contempt of court for failure to obey the court's order of August 16, 1965. The plaintiff moved to quash this order to show cause. The court denied the motion to quash and found the plaintiff guilty of civil contempt and directed the issuance of a warrant to the sheriff commanding him to commit the plaintiff to jail for 30 days or until she should purge herself of the contempt. The order was made in open court on September 28, 1965, and a written order to the same effect was entered and served on September 30, 1965. The plaintiff appealed from the oral order and the notice of appeal and undertaking were served on September 29, 1965. The two notices of appeal, undertakings, and proofs of service were timely filed with the clerk of the district court on September 22 and 30, 1965. No further steps to complete the record on appeal have been taken except that the plaintiff obtained and served a transcript of the proceedings which resulted in the entry of the first order. No transcript is contained in the file before us of the proceedings which resulted in the oral order of September 28, which was followed by the written order of September 30, 1965. The plaintiff, as appellant in both appeals, resists the motion for a dismissal of the appeals and has submitted her brief in support thereof.

No settled statement of the case, specifications of error, or appellant's briefs have been filed here. Furthermore, it appears the plaintiff, as appellant, has not caused the record to be certified to this court and the record does not show that the plaintiff has obtained an extension of time in which to obtain a settled statement of the case.

The plaintiff, as appellant, in her return to the motion for a dismissal of the appeal, resists the motion upon the following grounds: (1) that there is other litigation pending between the parties in a separate action which involves issues included in the contempt proceedings; (2) that the defendant has refused to pay to the plaintiff a $4000 final alimony installment due December 15, 1967; and (3) that delays had been requested by counsel for the defendant and by counsel for the plaintiff in the trial of the main action, and in settlement negotiations.

The plaintiff, in her brief resisting the motions, has included copies of the complaint and answer in the other action, which are set forth as the first ground in resistance of the motion. We will not allude to the allegations of the complaint as they are denied by the answer and it appears the action has not been tried. It is sufficient to state that the plaintiff in this case, by the separate action commenced subsequent to the instant proceedings, seeks to recover damages from the defendant for alleged breach of promise, wages for alleged services rendered, and a loss of personal property. She alleges damages in the amount of $21,565. We have no way of knowing from the record whether the issues involved in the separate subsequent action involve the issues before the trial court in the contempt proceedings and if they do we assume another trial court, in the subsequent action, will refuse to take jurisdiction of such mat-

ters as may be pending in the contempt proceedings on the basis of comity. 20 Am. Jur.2d, Courts, Sections 128 and 137.

An appeal in a civil case is deemed perfected upon the service and filing of a notice of appeal and undertaking for costs. Section 28–27–05, N.D.C.C.

When an appeal from an order is perfected, the clerk of court shall forthwith transmit, at the expense of the appellant, to the supreme court the order appealed from and the original papers used by each party for the application for such order unless copies are substituted. The original notice of appeal and undertaking shall be forwarded. If the appellant, within 30 days after his appeal is perfected, does not cause a proper record to be transmitted to the supreme court, the respondent may cause such record to be transmitted by the clerk and may recover the costs thereof in case the order is affirmed in whole or in part. Section 28–27–26, N.D.C.C., and Rule 21 of the Supreme Court Rules.

On appeals from a final contempt order, the supreme court may review all proceedings had and all affidavits and other proofs adduced. For the purpose of reviewing questions as to the sufficiency of the evidence, a statement of the case may be prepared and settled within the provisions for settling statements of the case in civil appeals and such appeal, except for the undertaking to stay execution of the order, shall be taken in the same manner as other civil appeals. Section 27–10–24, N.D.C.C.

Rule 7 of the Supreme Court Rules provides, in substance, that, upon perfecting his appeal to the supreme court, the appellant shall prepare his brief, serve the same, and file it with the clerk before or at the time the record of the case is transmitted to the supreme court. It also provides that if the appellant does not comply with this rule, this subjects the appeal to dismissal unless this court, for sufficient cause, should otherwise order.

Rule 13 provides, in substance, that if the appellant shall fail or neglect to serve and file the record, or his brief, as required, the respondent may apply to the court for affirmance or dismissal of the cause as the case may be.

Rule 31 of this court provides, in substance, that a failure to comply with any of the requirements of the rules within the time or the manner provided is grounds for dismissal of the appeal, for affirmance, or for the imposition of terms as the case may demand.

 Considering this motion the court is confronted with the obvious fact that appeals on the merits are favored and that although this is within our complete discretion, the court should favor appeals. It is also correct that there is no inherent right to an appeal but only that granted by statute.

On the basis of the record and the arguments before us, we fail to see how the plaintiff, as appellant, has excused her failure to comply with the requirements of the statutes and rules as set forth above within the time or in the manner provided to prosecute the appeal. No excuse is given. The three grounds stated do not excuse her. The three grounds set forth in the plaintiff's return resisting the motion for a dismissal have no merit. In the first place the subsequent action is an independent and separate action from the contempt proceedings. The trial court has jurisdiction of the parties and the subject matter in the contempt proceedings and its jurisdiction of either is not preempted by the commencement of a subsequent action for damages. Secondly, failure of the defendant to pay an installment of money under the divorce decree due almost two years after the contempt orders were entered is not an excuse for failure to have completed the appeals within the time provided. And, thirdly, delays in the trial of the separate action for damages are not causes for delay in

completing the appeals from orders in the contempt proceedings. Almost four years have elapsed since the appeals were taken and, recognizing our duty to give the plaintiff, as the appellant, every benefit of the doubt, we are nonetheless compelled to hold that almost four years' delay in completing an appeal is not excusable delay. We are of the opinion that the facts furnish no valid reason why the motion to dismiss the appeals should not be granted. For this reason, the defendant's motion to dismiss both appeals is hereby granted.

STRUTZ, ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.